## McCaffrey *v.* Page, Appellant.

*Principal and agent—Real estate broker—Commissions—Good faith.*

It is the duty of an agent employed to sell real estate to bring buyer and seller together, and, if a sale is made, at the price named to the agent, or one more favorable to the interests of the seller, the commission is earned.

Such an agent is bound to act towards his principal with the utmost good faith. He may not conceal from his principal any facts material to the transaction. He must exert his skill for the benefit of his principal and

generally must deal fairly and openly with him and keep him posted on everything that affects his interest in the matter.

Where there is contradictory testimony as to whether a sale was made by a real estate agent, or whether the agent had acted in good faith, the case is for the jury.

Argued April 17, 1902.   Appeal, No. 84, April T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1900, No. 703, on verdict for plaintiff in case of Thomas Mc-Caffrey v. David Page.   Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.   Affirmed.

Assumpsit by real estate agent to recover commissions on sale of real estate.   Before Evans, J.

From the record it appeared that plaintiff, a real estate agent, claimed to recover $280 from defendant as commissions for the sale of said real estate on Liberty avenue, Pittsburg, to Victor Halter.

The court charged in part as follows :

There does not appear to be any doubt that the first one to open negotiations between the purchaser and the owner was McCaffrey.   If you believe the testimony, Halter had been in the defendant's mind for some time as a prospective purchaser of his property, but I recollect no testimony which shows that Page, the defendant, had received any intimation, either directly or indirectly, from Halter that he was a prospective purchaser until McCaffrey came to him and announced to him that he had a prospective buyer.   So that if McCaffrey brought this man to Page's attention, and Page took up the matter then and completed it, McCaffrey's commissions were earned, provided, as I say, he had dealt fairly and openly with his principal in the matter.

This brings us to the second question, which is the main question in controversy, and the question which will give you trouble in determining, if any of them do, in this case, that is, did the plaintiff McCaffrey deceive the defendant to his disadvantage as to the question of who his prospective purchaser was ?   It is admitted by the plaintiff that he did not directly disclose to him who the purchaser was, and there is a controversy as to what took place between them.   I believe the de-

fendant testifies that McCaffrey said positively that Halter was not his client. This I understand the plaintiff denies. He says that he was asked who the purchaser was that he had in view, and that he said he was not at liberty to state who he was but that he was a man in the same business, or that wanted to go into the same business as the defendant, or something to that effect, and that on the second time that he was asked, he evaded it again in such way that the defendant immediately said, " I knew that Halter was your purchaser all the time." Now, that, as I state, is the important fact in this case for you to determine. Was McCaffrey's conduct such, and his answers to questions, etc., such, taking everything into consideration, as to deceive the defendant into believing that Halter was not the man that he had in view to purchase this property, so as to lead him to go and employ another man to see Halter? If he did act so, if his conduct was such that it tended to deceive the defendant to his injury in that respect, then he would not be entitled to recover the commission. [If the defendant, without McCaffrey's disclosing the man, had reason to believe that Halter was the purchaser that he had in view, or if he acquiesced in McCaffrey's not disclosing his man, without manifesting any particular desire to know, then McCaffrey's conduct simply suggesting that he did not wish to disclose his man might not be such as tended to deceive the defendant.] [2] That is the whole question, as I take it,—the important question, at least, for you to determine. In doing that you take the conduct of the two parties into consideration, not only what they said, but what they did, and determine that question on the evidence as presented.

Verdict and judgment for plaintiff for $304.35. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions. (2) Portion of charge as above, quoting it.

*D. M. Miller*, with him *C. W. Reamer*, cited Wilkinson v. McCullough, 196 Pa. 205; Pratt v. Patterson, 112 Pa. 475; Lloyd v. Greenfield, 32 P. L. J. 119.

*J. E. O'Donnell*, for appellee, cited: Pratt v. Patterson, 112 Pa. 475; Black & Co. v. Barr, 14 Pa. Superior Ct. 98.

400, (1902).]                    Opinion of the Court.

OPINION BY BEAVER, J., May 22, 1902:

The plaintiff recovered a judgment in the court below for commissions as a real estate broker for the sale of real estate of the defendant. The contract to pay commissions was not denied. Two questions of fact were in the case, as to both of which there was contradictory testimony, both submitted to the jury and both found in favor of the plaintiff.

There is no dispute or difference as to the law of the case.

1. It is the duty of an agent employed to sell real estate to bring buyer and seller together and, if a sale is made at the price named to the agent or one more favorable to the interests of the seller, the commission is earned.

2. Such an agent is bound to act toward his principal with the utmost good faith. He may not conceal from his principal any facts material to the transaction. He must exert his skill for the benefit of his principal and generally, as the court below expressed it, he "must deal fairly and openly with his employer and keep him posted on everything that affects his interest in the matter."

The appellant complains that the court below did not give binding instructions for defendant, but this was not a case for binding instructions. There was contradictory testimony as to both propositions above recited, which was clearly for the jury, and they were properly instructed as to the law. This was not a case similar to Wilkinson v. McCullough, 196 Pa. 205, where the name of the purchaser was withheld from the principal for the avowed purpose of preventing her from raising the price.

It is not necessary to review the facts in detail; suffice it to say there was evidence for the jury which was fairly submitted and there was testimony which, if believed by them, justified the verdict.

Judgment affirmed.