# Showaker, Appellant, *v.* Kelly.

*Real estate broker—Evidence—Commission—Question for jury.*

If the property sold is brought to the attention of the purchaser by the broker and the principal carries on the negotiations himself or agrees to an exchange instead of a sale, or allows the purchaser a certain time to agree to his terms, and, before the expiration of the time allowed, sells to another, the broker is entitled to his commissions. Where the evidence is doubtful as to whether the broker had given up all efforts to sell the property, and is conflicting as to whether the property was sold through another person, to parties to whose attention the broker had first brought the property, the question of the broker's right to commissions is for the jury.

Argued Oct. 10, 1902. Appeal, No. 68, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1897, No. 892, on verdict for defendant, in case of C. Harry Showaker v. Fannie R. Kelly and Joseph M. Kelly, administrators of estate of Thomas F. Kelly, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover real estate broker's commissions. Before McMICHAEL, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various instructions.

*Edward Brooks, Jr.*, with him *Frederick J. Geiger* and *Edgar Dudley Faries*, for appellant, cited as to the performance of the contract: Keys v. Johnson, 68 Pa. 42; Gibson's Est., 161 Pa. 177; Reed v. Reed, 82 Pa. 420.

*Edwin O. Michener*, with him *Jacob Snare*, for appellees, cited as to performance: Earp v. Cummins, 54 Pa. 394; Kifer v. Yoder, 198 Pa. 308.

OPINION BY BEAVER, J., November 19, 1902:

Concerning the general rule of law, governing the compensation of an agent or broker for the sale of real estate, there is in this case no dispute. "If the property sold is brought to the attention of the purchaser by the broker and the principal carries on the negotiations himself or agrees to an exchange instead of a sale, or allows the purchaser a certain time to agree to his terms, and, before the expiration of the time allowed, sells to another, the broker is entitled to his commissions:" 2 P. & L. Dig. of Dec. 2237; McCaffrey v. Page, 20 Pa. Superior Ct. 400.

The question of fact arising in the case was, did the broker sell; or, in the language of the contract testified to by one of his witnesses, "get rid of" the property, for the sale or exchange of which he claimed his commission in this case? The plaintiff endeavored to "get rid of" the property, by an ex-

change with one Blakely which, for various reasons set forth in the testimony, he was unable to consummate. He subsequently endeavored, by a combination with several persons, to exchange the property in question for other real estate. In this he was also unsuccessful. Plaintiff wrote the defendant's decedent in his lifetime, February 26, 1897, "The W. S. Blakely deal is off;" and subsequently, March 18, 1897, referring to the parties with whom he had been negotiating, "They seem to think that there is nothing in the deal for them, so I will not ask your indulgence in holding it any longer." In consequence of these letters, Kelly employed Cochran to dispose of the property, who arranged a combination between Robert Wetherill and William S. Blakely, with the latter of whom the plaintiff had originally negotiated, in and by which the property was exchanged for certain other property contributed by Wetherill and Blakely. Wetherill, one of the parties to this agreement, had not been a party to any of the negotiations carried on by the plaintiff. Under this state of facts, the question was clearly one for the jury. The different phases of it were we think fairly submitted by the court below.

The several points presented by the plaintiff omitted the controlling facts in the case and were, therefore, properly negatived by the court.

The testimony, admitted under objection, as to the value of the properties which Mr. Wetherill "was to contribute to the deal," as tending to show an entirely different combination from any which had been attempted by the plaintiff, was unobjectionable.

We can find nothing erroneous in any of the portions of the charge assigned as error in the sixth, seventh, eighth, ninth and tenth specifications. The facts were fairly outlined and the jury were told in general: "You will have to determine from the testimony whether Mr. Showaker was the man who consummated and carried through that deal between Kelly and the others." This, under all the circumstances of the case, was clearly a question for the jury. In view of the plaintiff's letters, was Kelly justified in negotiating with Cochran? Was Cochran the active agent in effecting a new combination, by which and in pursuance of which the final exchange was made? These questions were properly submitted to the jury under the

charge taken as a whole and we cannot see, upon a careful consideration of the whole case, that the plaintiff was wronged in any way either by the charge of the court or the verdict of the jury.

Judgment affirmed.