208      175
28 SC ¹ 81
28 SC ¹335

# Rauch, Appellant, *v.* Smedley.

*Negligence—Evidence—Inference from facts—Province of court and jury—Collision between wagons.*

Cases are exceptional in which the court may direct a verdict for the defendant on the strength of testimony presented by him. They never arise where there is a real controversy as to the facts or doubt as to the inferences to be drawn from them. Where the testimony offered by the plaintiff makes out a prima facie case by showing the existence of facts from which an inference of negligence arises, the case is necessarily for the jury, notwithstanding that the great preponderance of the testimony is with the defendant. An inference of negligence having once arisen remains until overcome by countervailing proof, and whether it is so overcome is a question for the jury.

In an action to recover damages for personal injuries sustained by a woman in a collision between a light wagon which she was driving and a heavy wagon of defendant, the testimony for the plaintiff tended to show that plaintiff's wagon was going north on the right-hand side of a street and as it emerged from a narrow space between the curb and a furniture dray, which stood across the street, the defendant's driver coming in the opposite direction turned his team diagonally across the street, and entered the narrow way, in which there was room for only one wagon, before the plaintiff's wagon was entirely out; the driver was looking over his shoulder, talking to a man behind him, and disregarded the warning given him to look out or stop. The defendant's witnesses presented the occurrence in an entirely different light and in one that wholly relieved the driver from blame. *Held*, that the case was for the jury.

Argued Jan. 11, 1904.    Appeal, No. 123, Jan. T., 1903, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1901, No. 2823, in case of Richard A. Rauch and Mary E. Rauch, his Wife, v. William H. Smedley and Franklin Smedley, trading as Smedley and Brother.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Reversed.

Trespass for personal injury.    Before FINLETTER, P. J.

At the trial it appeared that on December 27, 1900, Mary E. Rauch, one of the plaintiffs, was driving a one horse covered butcher's wagon on Orthodox street. A heavy lumber wagon belonging to defendants came into collision with plaintiff's wagon, and Mrs. Rauch was injured. The circumstances of

the accident are described in the opinion of the Supreme Court. The trial judge gave binding instructions for defendants.

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendants.

*Leo MacFarland,* for appellant, cited : Baker v. Irish, 172 Pa. 528 ; Kohler v. Penna. R. R. Co., 135 Pa. 346 ; Foote v. American Product Co., 195 Pa. 190.

*John G. Johnson,* with him *James Wilson Bayard,* cited: Beach v. Parmeter, 23 Pa. 196 ; Grier v. Sampson, 27 Pa. 183 ; Foote v. American Product Co., 195 Pa. 190 ; Mooney v. Trow Directory, etc., Co., 2 Misc. (N. Y.) 238 (21 N. Y. Supp. 957) ; Walkup v. May, 9 Ind. App. 409 (36 N. E. Repr. 917) ; Cook v. Fogarty, 103 Iowa, 500 (72 N. W. Repr. 677) ; Lyons v. Child, 61 N. H. 72 ; Crampton v. Ivie, 124 N. C. 591 (32 S. E. Repr. 968).

OPINION BY MR. JUSTICE FELL, February 8, 1904 :

Cases are exceptional in which the court may direct a verdict for the defendant on the strength of testimony presented by him. They never arise where there is a real controversy as to the facts, or doubt as to the inferences to be drawn from them. The remedy for the wilful or capricious disregard of testimony is the granting of a new trial. Where the testimony offered by the plaintiff makes out a prima facie case by showing the existence of facts from which an inference of negligence arises, the case is necessarily for the jury, notwithstanding that the great preponderance of the testimony is with the defendant. An inference of negligence having once arisen remains until overcome by countervailing proof, and whether it is so overcome is a question for the jury : Penna. Railroad Co. v. Weiss, 87 Pa. 447 ; Spear v. P. W. & B. R. R. Co., 119 Pa. 61 ; McCafferty v. Penna. Railroad Co., 193 Pa. 339 ; Devlin v. Beacon Light Co., 198 Pa. 583.

According to the plaintiffs' testimony, their wagon was going north on the right-hand side of the street, and as it

emerged from a narrow space between the curb and a furniture dray, which stood across the street, the defendant's driver coming in the opposite direction turned his team diagonally across the street, and entered the narrow way in which there was room for only one wagon, before the plaintiff's wagon was entirely out ; the driver was looking over his shoulder, talking to a man behind him, and disregarded the warning given him to look out or stop.  Assuming that under the circumstances it was the right of the driver to turn to his left to pass the obstruction, it was his duty to exercise care commensurate with the greater danger of the situation, and to allow a wagon which was in the passageway to move out before he attempted to enter it.   Otherwise a collision would be inevitable.   The defendant's witnesses presented the occurrence in an entirely different light, and in one that wholly relieved the driver from blame.  As these witnesses were without interest in the result of the trial, and had the best opportunity to observe what took place, their testimony should have great weight with the jury; but its only effect was to raise a controversy as to the facts, which the jury alone could decide.

The judgment is reversed with a venire facias de novo.