# Anderson *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—Pedestrian on track—Contributory negligence—Case for jury.*

1. Where the credibility of witnesses is in issue the case is always for the jury. The preponderance of evidence depends upon the credibility and not the number of witnesses and there will be no reversal on appeal although the weight of the evidence is with the appellant.

2. The remedy for the wilful or capricious disregard of testimony by the jury is the granting of a new trial.

3. In an action against a street railway company to recover damages for personal injuries sustained by plaintiff in consequence of being struck by one of defendant's cars, the case is for the jury and a verdict for the plaintiff will be sustained where there was a conflict of evidence as to whether plaintiff at the time was walking on the tracks or lying thereon in a sick or intoxicated condition; and where the evidence was conflicting as to whether or not there was a reasonably safe place to walk beside the company's tracks at the place of the accident; and plaintiff's own testimony was apparently contradictory as to the point on the railway at which the accident occurred, and as to whether there was a reasonably safe sidewalk which he could have used at that place.

Argued Oct. 13, 1915. Appeal, No. 96, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., July T., 1913, No. 340, on verdict for plaintiff, in case of Charles A. Anderson v. Pittsburgh Railways Company. Before Brown, C. J., Mestrezat, Potter, Stewart and Frazer, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Carnahan, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,500.00 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict

for defendant and in refusing to enter judgment for defendant n. o. v.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener* for appellant.

*Rody P. Marshall,* with him *Thomas M. Marshall,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1916:

This is an action of trespass brought by the plaintiff to recover damages which he alleges he sustained by the negligence of the defendant company. The plaintiff lived in Allegheny City. On the afternoon of May 30, 1911, he visited some friends at Millvale, and, about 1:30 a. m. of the following morning he started to walk west on East Ohio street on his return home. He was not familiar with the street. The defendant operated a double track street railway on the street. The plaintiff testified that at first there was a bad boardwalk, and he started to walk on the east or outbound track and after walking some ten or fifteen minutes, he saw a car approaching on that track, that he then looked to see whether a car was coming on the inbound track, and not seeing one, passed over to that track, and, after walking from ten to thirty yards he was struck in the back by a west-bound car, knocked from the track and badly injured. He says that after he was on the inbound track he looked back two or three times to see if a car was approaching him from the rear and saw none. He further says that the car which struck him carried no headlight, that he heard no bell, and was about to look back again when he was struck. It appears from the testimony there is a hill on the side of the railway to the plaintiff's right as he approached the city, and on the other side, an embankment which extended down to railroad tracks. He says that when he was on the outbound track and saw the car approaching him he could see some 200 feet and

it was apparent to him that he could not walk on the left-hand side of the street. He further testifies that there was no place to walk on the right-hand side of the track which he considered reasonably safe, and when he crossed from the outbound to the inbound track he intended to return to the outbound track as soon as the car on that track had passed.

The defense was that the plaintiff was lying on the track at the time he was struck by the car and that there was a reasonably safe sidewalk at the place where the accident occurred which he should have used instead of the defendant's car tracks. This raises the single question in the case and, if the evidence of the defendant had been believed by the jury, it should have been answered in the affirmative and a verdict rendered for the defendant. The learned court below instructed the jury that if there was a reasonably safe place to walk outside the company's tracks, the plaintiff was bound to walk there. The verdict was for the plaintiff and the court in banc refused to enter judgment non obstante veredicto for the defendant.

We are not convinced that the learned court below erred in its final disposition of the case. The weight of the evidence, we think, was with the defendant. It may be conceded that the plaintiff's own testimony was apparently conflicting as to what point on the railway the accident occurred, and whether there was a reasonably safe sidewalk which he could have used at that place, but it was for the jury to reconcile the apparently inconsistent parts of his testimony and determine which should have credence. As said by Mr. Justice DEAN in Strader v. Monroe, 202 Pa. 626, 633: "In trials of fact, if it were required that all testimony should be consistent, either with itself, or that of other witnesses, but few cases would reach a jury." The plaintiff testified that he had passed beyond the houses and stone wall when he was struck, that at the place at which the accident occurred the road was very bad, that there was no

sidewalk or boardwalk on either side, and that there was
no place there, other than the tracks, on which he could
walk.  The motorman testified that the traveled part of
the street was all taken up by the two street car tracks,
and that at some places along the car tracks there was a
sidewalk and some places there was none.  It appeared
from the conductor's testimony that there was space
outside the track for a man to walk on the right-hand
side of the tracks from Bennett Station to the point
where the defendant alleges the plaintiff was struck by
the car, that there was a boardwalk along part of the rail-
way tracks, that the boardwalk terminated a very short
distance west of the place where the conductor says the
accident happened, and it was customary for the people
to walk on the tracks from there towards the city, which
was the direction in which the plaintiff was traveling.
Two of the defendant's witnesses testified that there was
space to walk outside of the track, that being familiar
with the path they could walk it with safety, but that it
would not be safe for a person who was not familiar with
the surroundings to undertake to walk the path at night.
The only safe place to walk, under these circumstances,
they testified, would be on the railway tracks.  The plain-
tiff, in his testimony, did not agree with the defendant
as to the point on the track at which the accident oc-
curred.  He says that it was beyond the stone wall, in
front of the houses, towards the city.

The testimony of the defendant's witnesses was, in
effect, that there was a continuous pathway on the north
side of the tracks, wide enough to walk on and let a car on
the trolley tracks pass, which was in part concrete, part
wooden boardwalk, and part dirt pathway, all the way
from Bennett Station to Filbaugh street near the Ameri-
can Brewery.  This testimony tended to show that the ac-
cident occurred three or four blocks east of the brewery,
in front of a stone wall and near an iron pole where there
was a board sidewalk.  If the accident did occur at this
point, it is clear from the exhibits in evidence that there

was a boardwalk which the plaintiff could have used instead of the railway tracks in walking into the city. The motorman, conductor and another witness testified that the car was stopped and they went to the place where the man was lying and fixed that point as the place of the accident. The motorman testified that the boardwalk extended only a short distance west of where the accident occurred. He also testified that he saw the man before he was struck, and that he was not walking but lying on the track. It is contended on the part of the defendant that the man was either sick or intoxicated and was lying on the track at the time the accident occurred.

Where the credibility of witnesses is in issue the case is always for the jury. The preponderance of evidence depends upon the credibility and not the number of witnesses: Allen v. Line, 11 Pa. Superior Ct. 517, and we will not reverse, though we may think the weight of the evidence is with the appellant: Waters v. Burgess, 2 Mona. (Pa.) 570. If the accident occurred, as claimed by defendant, in front of the stone wall, and the photographic exhibit correctly shows the conditions existing there at the time, it is apparent that there was a sidewalk which could have been used by the plaintiff, and it follows necessarily that he was negligent in not doing so. On the other hand, plaintiff's story was sufficient to warrant the jury in finding that the accident occurred at another point along the road where there was no reasonably safe pathway or sidewalk which the plaintiff could have used in returning to the city and he was required to walk on the railway tracks. This highway seems to run through a rough and partly built-up country, and at some points at least the railway tracks occupy all the traveled portion of it, if not the entire street. Along the south side of the highway there appears to be an embankment and no sidewalk. Whether or not, therefore, the accident occurred at a point at which there was a reasonably safe sidewalk which the plaintiff could have used, we think was, under all the evidence, for the jury.

The answer to the question depended upon oral testimony which necessarily sent the case to the jury. The learned trial judge submitted the case in a very fair and comprehensive charge in which he directed the attention of the jury to the indefinite and inconsistent statements of the plaintiff. The court in banc, after reviewing all the testimony, has declined to interfere with the verdict by entering judgment for the defendant. If, as contended by the appellant, the weight of the evidence was overwhelmingly in the defendant's favor, it was peculiarly a case in which a motion for a new trial should have been made so that the trial judge, who heard the testimony and saw the demeanor of the witnesses on the stand, could, with his colleagues, have reviewed the case and determined whether undue weight was given by the jury to the plaintiff's testimony. The remedy for the wilful or capricious disregard of testimony by the jury is the granting of a new trial: Rauch v. Smedley, 208 Pa. 175.

The judgment is affirmed.