## Young, Appellant, *v.* Dempsey.

*Brokers — Real estate brokers — Commissions — Principal and agent.*

In an action by a real estate broker to recover commissions alleged to have been earned in effecting the exchange of properties, the burden is upon the plaintiff to show that his efforts were the immediate, efficient and procuring cause of the exchange. He cannot recover on proof that he introduced another real estate broker to his principal for the purpose of effecting a certain contemplated exchange, if it appears that such exchange was not brought about, but that the other broker subsequently, without the knowledge or participation or assistance of the plaintiff effected an exchange of the principal's property for other property than that at first contemplated, and that it was for bringing about this exchange plaintiff claimed commissions.

Argued May 3, 1917. Appeal, No. 196, April T., 1917, by plaintiff, from judgment for defendant n. o. v. in case of E. C. Young v. Frank A. Dempsey. Before ORLADY,

534, (1917).] Opinion of Court below.

P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit by real estate broker for commissions.

At the trial the jury returned a verdict for plaintiff for $600. Subsequently the court entered judgment for defendant n. o. v., EVANS, J., filing the following opinion:

The plaintiff is a real estate broker, and sometime during the year 1915 the defendant, Dempsey, placed certain real estate owned by him in the hands of the plaintiff for sale or exchange. The plaintiff conducted negotiations with various people looking to the exchange of the defendant's property, but without success. Finally, in the early part of February, 1916, the plaintiff took George L. Miller, a real estate broker, whose home is in West Virginia, but who has an office in the City of Pittsburgh, and introduced him to the defendant as a man who was dealing with West Virginia farms. The special purpose of taking Miller to the defendant at that time was to take up the subject of an exchange of defendant's Pittsburgh property for the farm of a Doctor Copeland situated in West Virginia. The matter of the exchange of the properties was taken up, Miller representing Copeland and the plaintiff representing Dempsey. Negotiations proceeded and the plaintiff and Dempsey went to West Virginia for the purpose of examining the Copeland farm, but on account of the bad roads they were unable to go out to the farm. They came back, and so far as any negotiations between Miller and Young in regard to the exchange of Dempsey's property, nothing further was done. Miller and Dempsey had subsequent meetings, and finally all negotiations for the exchange of the defendant's property for the Copeland property were broken off. Some short time after that Miller became agent for a man by the name of Steele, the owner of a farm in West Virginia, and he as the agent for

Opinion of Court below. [67 Pa. Superior Ct.

Steele went to Dempsey and took up the subject of the exchange of his property for Steele's farm in West Virginia. The plaintiff knew nothing of this, took no part in the negotiations, and finally the exchange between Dempsey and Steele was made through Miller representing Steele, dealing directly with Dempsey. The deeds were executed and delivered. The deed from Steele to Dempsey for the West Virginia land was delivered by Miller to the recorder of deeds of the proper county of West Virginia, and on the day he was going to deliver the recorder's receipt to Dempsey he called on his way to Dempsey's office at the office of Young and told him of the transaction between Dempsey and Steele, and Young accompanied him to Dempsey's office. When the receipt was delivered Young said to Dempsey, "where do I come in in this matter?" and Dempsey replied that he was busy, to come around on Monday, and they would settle up their affairs.

Young brings this suit to recover commissions, alleging that he was the proximate cause of the exchange of Dempsey's property with Steele. So far as any act of Young's in procuring the transfer of the Dempsey property for the Steele property, it is limited to the introduction of Miller to Dempsey. He knew nothing of the transaction, took no part in it, through no effort of his was Steele induced to carry out the bargain, or was Dempsey persuaded to take the Steele property. His act was the introduction of Miller, and Miller was not introduced with the idea or with any purpose at that time of bringing to the defendant's notice the Steele property, or Steele himself as a prospective purchaser of the Dempsey property. Now, this has been held to be not sufficient to justify the agent in claiming commissions for the sale or transfer of real estate. By a careful investigation of this question, the facts are practically not in dispute, and the authorities upon the subject lead me to conclude that there was not sufficient evidence on which the jury could find that Young was

534, (1917).] Opinion of Court below—Opinion of the Court.

the efficient and proximate cause of the exchange of properties between Dempsey and Young, and that judgment should be entered for the defendant notwithstanding the verdict.

### ORDER.

And now, March 13, 1917, this case came on to be heard on a motion ex parte defendant for judgment n. o. v., and upon consideration thereof, judgment is so entered for the defendant.

*Error assigned* was the judgment of the court.

*W. S. Maxey,* for appellant.—If a sale is brought about by the efforts or negotiations of a broker he is entitled to his commissions although the sale may be finally consummated through the instrumentality of another person: Griffith v. Cowan, 57 Pa. Superior Ct. 625; Barrow v. Newton, 48 Pa. Superior Ct. 382; Showaker v. Kelly, 21 Pa. Superior Ct. 390; Peters v. Holmes, 45 Pa. Superior Ct. 278; Lamb v. Elder, 56 Pa. Superior Ct. 522.

*George Y. Meyer,* for appellee.—To recover in this case the plaintiff must show, and the burden is upon him to show, that his efforts were the immediate, efficient and procuring cause of the exchange of defendant's property: Earp v. Cummins, 54 Pa. 394; Johnson v. Seidel, 150 Pa. 396; Burchfield v. Griffith, 10 Pa. Superior Ct. 618; Groskin v. Moore, 249 Pa. 242.

OPINION BY ORLADY, P. J., July 13, 1917:

The opinion of the learned trial judge below in entering judgment in favor of the defendant non obstante veredicto, is a fair answer to the argument of the appellant in this case. The plaintiff's connection with the transfer to Steele was too remote and speculative to warrant a verdict in his favor for a commission in that

transaction.  The burden was upon him to show, and he failed to sustain it, that his efforts were the immediate, efficient and procuring cause of the exchange of the property.

As stated by our brother, PORTER, J., in Barrow v. Newton, 48 Pa. Superior Ct. 382, "In a certain sense it may be true that the purchase was a consequence of the broker's advertisement; but for that the purchaser may never have looked at the property, nor entertained a thought of buying it, but the evidence in the case shows that it was at least due to another, so distinct and separate a cause, that it was a mistake to permit the broker to recover.  The simple answer to his demand was, that if the evidence was believed he did not cause the sale, that is, his agency was not the immediate and efficient cause of the sale, and the law regards only the proximate and not remote causes."

In so holding, there is no conflict with Showaker v. Kelly, 21 Pa. Superior Ct. 390; Peters v. Holmes, 45 Pa. Superior Ct. 278, and Griffith v. Cowan, 57 Pa. Superior Ct. 625, as they are easily distinguished from this case on their special facts.

The judgment is affirmed.