# Hewitt, Receiver, v. Democratic Publishing Company, Appellant.

*Replevin—Machines—Title — Innocent purchaser — Conflicting evidence—Unreliable testimony for defendant — Remedy — Judgment for plaintiff n. o. v.—New trial—Case for jury.*

1. Where in an action of replevin for a machine, which had been sold by plaintiff to a third person in New York, under an agreement by which the purchase-money was secured by a series of notes and a chattel mortgage, authorizing the plaintiff to retake the machine upon default, and thereafter defendant acquired possession of the machine by purchase from certain individuals deriving title from such third person, but where the evidence was conflicting as to whether the last individual·purchasers acted for themselves or as representatives of the defendant, and whether these parties had knowledge of the terms of the original sale by the plaintiff, the case was for the jury, and the jury having found in favor of the defendant, it was error for the lower court to enter judgment for plaintiff n. o. v.

2. It is error for the court to enter judgment for plaintiff n. o. v. on the ground that the material parts of defendant's testimony is unworthy of belief; the proper remedy is a new trial.

*Practice, C. P.—Practice, Supreme Court—Judgment n. o. v.— Pending motion for new trial.*

3. Where in such case a motion for a new trial was pending at the time of the entry of the judgment, and the lower court entered judgment without prejudice to a further application for a new trial, in case it should be decided by the appellate court that the entry of judgment was erroneous, the Supreme Court remitted the

record with directions to dispose of the motion for a new trial, and, if the new trial should be refused, then to enter judgment on the verdict.

Argued Sept. 27, 1917.    Appeal, No. 169, Oct. T., 1917, by defendant, from judgment of C. P. Westmoreland Co., Nov. T., 1915, No. 603, for plaintiff n. o. v., in case of Erskine Hewitt, Receiver of the International Typesetting Machine Company, a corporation of New York, v. Democratic Publishing Company, a corporation.    Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.    Reversed.

Replevin for a typesetting machine.    Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant.    The court subsequently entered judgment for plaintiff n. o. v.

*Error assigned,* among others, was in entering judgment for plaintiff n. o. v.

*D. J. Snyder* and *S. A. Kline,* with them *J. R. Smith,* for appellant.

*E. P. Doran,* with him *W. F. Wegley* and *V. E. Williams,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 7, 1918:

In this action of replevin the jury found for the defendant, but the court below entered judgment for plaintiff under the Act of April 22, 1905, P. L. 286, and defendant has appealed.

The machine replevied was first purchased from the plaintiff corporation by one Morgan, the sale being made in New York; part of the purchase-money was paid in cash, and a series of notes given by the vendee for the balance, which was subsequently further secured by a

chattel mortgage upon the personalty in question; Morgan then transferred the property to a man named Potts, who later made a sale of it to Messrs. Kline and Gross. Morgan failed to pay certain of the notes as they became due, which default, under the terms of the mortgage, gave plaintiff the right to retake the machine; and this the latter did through the present writ of replevin.

Two controlling issues were submitted to the jury: (1) As to the capacity in which the last purchasers acted —whether for themselves or as representatives of the defendant corporation. (2) As to the knowledge of these parties concerning the terms of the original purchase by Morgan from the plaintiff corporation. The verdict of the jury indicates that both issues were found against the plaintiff; but the trial court thought the evidence justified it in entering judgment n. o. v., and acted accordingly. We have read the printed notes of testimony, and cannot concur in this disposition of the case.

While the parts of the evidence quoted in the opinion of the court below indicate some support for the judgment entered, yet when the proofs are considered as a whole, not only is it apparent that a conflict in essential parts of the testimony exists, but it is clear that a determination of the material issues involved depends more or less upon inferences drawn from circumstances the proof of which rests on oral evidence; hence the case is not one that properly can be ruled as a matter of law: Dalmas v. Kemble, 215 Pa. 410; Second Nat. Bk. of Pittsburgh v. Hoffman, 229 Pa. 429.

Had we seen and heard the witnesses, it may be we would share in the evident feeling of the trial judge that material parts of the testimony relied upon by the defendant are entirely unworthy of belief; but, even if this be true, the proper remedy is the granting of a new trial, not judgment n. o. v. The court below appears to have been none too certain of its ground when it entered the judgment now attacked, and also to have had the proper practice in mind, for it then said: "We are not passing

at present upon the question of a new trial, but are entering this judgment non obstante .veredicto without prejudice to a further application for a new trial in case it should be decided by an appellate court that we are in error." Under the circumstances at bar, we are of opinion that the court below erred in entering judgment n. o. v., and shall make an order similar to one recently entered, on a like state of facts, in Chambers v. Mesta Machine Co., 251 Pa. 618, 624.

The assignment of error, which complains of the entry of judgment n. o. v. in favor of plaintiff, is sustained; the record is remitted to the court below, with directions to dispose of the motion for a new trial, as right and justice under the law may require, and, if a new trial be refused, then to enter judgment on the verdict for defendant.