Lehan, to use, Appellant, *v.* Integrity Trust Co.

Submitted January 6, 1931.  Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

358

*Charles G. Gartling,* for appellant.—Defendant ratified the act of its clerk, Newell, even though Newell did not have the authority in the first instance: McDonald v. Pittsburgh, 278 Pa. 485; Letvin v. Ins. Co., 87 Pa. Superior Ct. 402.

Defendant intrusted its clerk, Newell, with the business of selling the houses in question and held him out as having authority to make the alleged agreement with plaintiff: Young v. Heinz, 94 Pa. Superior Ct. 95; Thompson v. Barrow, 81 Pa. Superior Ct. 216; Butler v. Maples, 76 U. S. 766; Stirling's Petition, 292 Pa. 194; American Car Co. v. Water Co., 218 Pa. 542; Young v. Coray, 167 Pa. 617; William v. Leach, 74 Pa. Superior Ct. 272; Williams v. Cook, 289 Pa. 207.

Where competent evidence adduced is such that reasonable men could draw different conclusions as to whether or not there has been a ratification of unauthorized acts or contracts, the question is one of fact to be determined by the jury, under proper instructions from the court: Fenn v. Dickey, 178 Pa. 258; Bank v. Pittsburgh Bank, 165 Pa. 500; Singer Mfg. Co. v. Christian, 211 Pa. 534; Anderson v. Surety Co., 196 Pa. 288; Auge v. Darlington, 185 Pa. 111; Sword v. Cong. Kenneth Israel, 29 Pa. Superior Ct. 626; Davis v. Carroll-Porter Co., 276 Pa. 71; Levison v. Coal Co., 80 Pa. Superior Ct. 202.

*John Stokes Adams,* for appellee.—It was not shown by competent evidence that James M. Newell, the person with whom plaintiff dealt, had any authority to enter into a contract on behalf of defendant: Interstate Securities Co. v. Bank, 35 Pa. Superior Ct. 277; Twelfth St. Market Co. v. Jackson, 102 Pa. 269; Kelly v. Bank & Trust Co., 299 Pa. 236; Baltimore & Ohio E. Relief Assn. v. Post, 122 Pa. 579; Yubas v. Makransky, 300 Pa. 507.

There was not sufficient evidence of any acts on behalf of defendant to justify any inference, either by the court or by the jury, of ratification: DeForest v. Townsite Co., 241 Pa. 78; Twelfth St. Market Co. v. Jackson, 102 Pa. 269; Brown v. Bank, 288 Pa. 478.

THIS OPINION WAS PREPARED BY MR. JUSTICE SADLER before his recent fatal illness and has been adopted by the court, April 13, 1931:

Lehan, a regularly registered real estate broker, brought suit against the Integrity Trust Company, defendant, to recover $3,400 with interest from February 24, 1928, claiming this sum to be due him as commissions for the sale of houses located on West Ashdale Street, Philadelphia, in which defendant had an interest. The action was based on an alleged oral contract, under which Lehan was to receive $100 for each house sold, entered into with Newell, a clerk in defendant's employ, who Lehan claims was empowered as an agent of the corporation to make such a contract. The jury returned a verdict for plaintiff, but upon defendant's motion it was set aside, and judgment n. o. v. entered in favor of the trust company. Plaintiff has appealed.

At the time the alleged contract was entered into, defendant had advanced large sums of money for constructing the West Ashdale houses. The borrower had defaulted, and, upon foreclosure and sale, the properties were, for convenience, struck down to J. Harrison Jones, an employee of the trust company, who was named by

the sheriff as grantee in the deeds delivered. In May, 1927, at the bank's request, one Parker, an operative builder, undertook to place the properties in condition for immediate sale and, if possible, dispose of them. Parker was acquainted with a bricklayer, Folsheid, who had worked on one of the buildings, and these two men, accompanied by Newell, the clerk in defendant company's real estate department, called on Lehan, the broker, for the purpose of securing his professional services. It was agreed that Lehan should dispose of the houses at specified prices, and that he was to receive $100 commission for each house sold. After having made sales so that his commissions claimed totaled $3,400, Lehan sought to recover from the trust company. We may say at the outset, that the record before us shows that all of the real estate transfers consummated were made by Lehan on behalf of Parker who was designated as the equitable owner.

Plaintiff contends that the agreement to compensate him was in fact made with the clerk of the defendant company, and the sales having been made for the benefit of the trust company, it thereby became liable for the total amount of commissions chargeable. To recover, it was of course necessary for Lehan to show that Newell had authority to act and contract for the bank. The burden of proving the extent of his authority, and that it was sufficiently broad to permit the making of a promise to pay compensation to plaintiff if the services were performed, was upon the claimant: Kelly-Murray, Inc., v. Lansdowne Bank & Trust Co., 299 Pa. 236; Long v. Lehigh Coal & Nav. Co., 292 Pa. 164. Although such power might be established by proof of a previous course of dealing of the parties concerned (Stirling's Petition, 292 Pa. 194; Williams v. Cook, 289 Pa. 207), no such evidence appears here. The only evidence introduced by plaintiff to establish Newell's agency to contract for defendant company appeared in the former's own testimony. Aside from these declarations of his own, the

only other possible proof of the fact was his further statement that Folsheid, the bricklayer, had introduced Newell to him as being in charge of defendant's building operations, but Folsheid was not called as a witness.

When Lehan dealt, as he claims, with the supposed agent Newell, he was bound to ascertain the nature and extent of that individual's power, and could not depend on a mere presumption of its existence because of the latter's employment in some capacity by the defendant: Paper Mill Supply Co. v. Containers Corp., 301 Pa. 62. Agency cannot be established by declarations of one purporting to act in such capacity, but the plaintiff was bound to prove the authority of Newell to bind the trust company if the promise to pay for services to be rendered could be enforced: B. & O. Relief Assn. v. Post, 122 Pa. 579. No effort was made by plaintiff to show affirmatively any authority of Newell to act for the trust company and bind it by the promise he might make as to the payment of compensation. Though the minutes of the defendant were in court, they were not offered to establish this essential fact. It is argued, however, by the appellant that the sales were actually made, with benefit accruing to the defendant, and that the acts of Newell were adopted and approved by the bank, when it sent a check for $200 to the plaintiff at the time the last two properties were disposed of.

A principal can, of course, ratify the act of one purporting to be his agent, though unauthorized, if he proceeds with full knowledge of all material facts, and the recognition of liability is plain and clear: Pollock v. Standard Steel Car Co., 230 Pa. 136, 141. In this instance, the letter enclosing the check was signed by Conger, the real estate manager of the trust company, and expressly declared that it was "not in any way responsible for the payment of any claims now due or which may in the future become due regarding the Ashdale Street properties." There was no evidence that this bank official had knowledge of plaintiff's alleged

claim for $3,600 at the time the check was sent; on the contrary, he testified that he knew nothing about it, and that the bank clerk had no power to so contract. Plaintiff declared that his conversations were entirely with Newell. The communication accompanying the check referred to, in no way refers to the alleged contract upon which plaintiff predicates his claim, but contemplates only the services in connection with the settlement of the two properties, and contains a distinct and express disclaimer of responsibility for commissions in connection with the sale of the Ashdale Street properties, which the defendant insisted were due by Parker to the plaintiff. The record fails completely to establish the authority of Newell to make an agreement, on behalf of the defendant company, to pay $100 as compensation for each house sold, or that the dealings of Lehan with the clerk named were brought to the attention, at any time, of the officers of the defendant trust company. There is no evidence of a holding out of Newell by the bank as its agent to make a contract of the nature alleged, or of any other kind. The plaintiff utterly failed to prove express or implied authority in Newell and the evidence indicates no ratification,—on the contrary, it expressly shows the opposite. A reference to other decisions, of which many are reported, denying the right to recover under circumstances such as here appear, would be useless.

The present case was marked for argument on January 5th, but not reached on the list until the following day. A private understanding of counsel had apparently been made that it would be taken up at a later date, though no such permission had been asked and granted by the court, and such agreement of the attorneys, as to the time of hearing, for their convenience, cannot be recognized as binding here. When actually reached and called for argument, no one in interest appeared, and the appeal was marked submitted. Subsequently, both sides presented petitions asking to be

orally heard. The grant of such an application would be permitted as a matter of grace, but an examination of the record convinces us that nothing would be gained by an oral discussion of the points involved. The applications are therefore refused.

The judgment of the court below is affirmed.