## Manross, Appellant, v. Warr-Penn Refining Co., Inc.

Argued May 24, 1933.   Before FRAZER, C. J., SIMP-
SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harold S. Hampson,* with him *Driscoll & Gregory* and
*T. L. Hampson,* for appellant.

*C. E. Bordwell,* of *Bordwell & Eldred,* for appellee,
was not heard.

PER CURIAM, June 30, 1933:
Plaintiff appeals from entry of a nonsuit by the court
below in his action for breach of an alleged oral contract.

Plaintiff, who was employed by defendant company as blacksmith and laborer, alleges that he invented and erected for the company a contrivance to collect and retrieve fuller's earth and dust which would otherwise be lost in the process of burning that product to cleanse it for use in filtering oil. He alleges that R. G. Williamson, superintendent and treasurer, orally agreed that if he should construct such mechanism the company would pay him "one-half of the saving effected thereby over a period of one year"; that the loss sustained by the company, over a four-year period previous to the erection of the dust collector, "was in excess of $20,000 and that since the invention, erection, and construction of the dust collector......there has been no loss......occasioned by the escape of fuller's earth and dust while preparing these materials for re-use"; and that the company accordingly is indebted to him in the sum of $10,000.

The court below held the evidence was insufficient to prove a contract, and an examination of the record sustains the conclusion that plaintiff failed to make out a case sufficient to submit to the jury. First, there is no evidence showing the authority of Williamson to enter into the alleged contract on behalf of defendant company. The fact that he was an officer and director of the company and superintendent of the plant does not of itself imply authority to bind the company for a special and out-of-the-ordinary contract involving payment of a large sum of money; nor is plaintiff's evidence that Williamson said, at the time of making the contract, he had authority to do so, sufficient for the purpose: Culbertson v. Cook et al., 308 Pa. 557, 563-4. Furthermore, even if authority to make the contract had been shown, plaintiff's claim of savings effected is vague and indefinite. He relies solely on a loose general statement that, prior to the installation of his device, $20,000 worth of dust per year was lost, and thereafter none was lost. Nothing in the evidence elaborates this statement so

that the jury could have computed the actual value of the saving during the year in question.

The order refusing to take off the nonsuit is affirmed.