## Jacobs *v.* McKelvey, Appellant.

418

Argued October 7, 1937. 

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James J. Breen,* with him *Thomas C. Egan,* for appellant.

*Lester Bowman,* for appellee.

OPINION BY JAMES, J., March 4, 1938:

Plaintiff, a licensed real estate broker, brought suit to recover commissions for the sale of the property of Mary McKelvey, defendant. The jury found for plaintiff. Defendant's motions for judgment n. o. v. and a new trial were refused and judgment entered, from which this appeal is taken.

The only witnesses called were plaintiff and defendant. The testimony of plaintiff, which must be viewed

most favorably to him, discloses that in April, 1935 he called upon defendant in reference to a sale of her property at 42nd Street and Lancaster Avenue in Philadelphia. At a subsequent meeting with defendant and her son she asked for $26,000 which plaintiff stated was more than he could get, whereupon they asked him to obtain an offer. He later presented an offer of $15,000 which defendant refused, but she reduced her price to $20,000. Finally, in July, 1935, she agreed to accept $16,200. At that time, as well as at previous meetings, she agreed to pay plaintiff a commission of five per cent on the sale. Plaintiff negotiated with the Socony-Vacuum Oil Company, which agreed to purchase the property for $16,200. Defendant then refused to sell, but agreed to lease the property. After the terms of the lease were agreed on and plaintiff had procured the Socony-Vacuum Oil Company as tenant, defendant again refused to execute the contract. In January, 1936, defendant, through her attorney, sold the property to the Socony-Vacuum Oil Company for $16,200, but has refused to pay a commission to plaintiff.

Defendant denied that she had engaged plaintiff or promised to pay him a commission. The court below was of the opinion, however, that because of "numerous contradictions, evasions and misstatements" in the testimony of defendant the question of credibility was properly decided in favor of plaintiff.

Defendant contends that plaintiff has not shown that he was the proximate, efficient and inducing cause of the sale. From the testimony it clearly appears that plaintiff did produce a purchaser at the price agreed upon. The sale was not consummated at that time because defendant arbitrarily refused to sell. "It is always incumbent upon a broker seeking to recover a commission, to prove either that a sale was made to the party whom he procured as a purchaser, or that the purchaser was able and willing to buy, and the failure

to make an actual sale was through no fault of the broker or his customer:" *Kifer v. Yoder*, 198 Pa. 308, 47 A. 974. See also *Matuszewski v. Grisius*, 118 Pa. Superior Ct. 196, 180 A. 130. In the present case the early consummation of the sale was prevented not by any fault of the broker or the purchaser, but by the refusal of defendant. Moreover, defendant eventually did sell to the purchaser, procured by the broker, for the same price which the purchaser had originally offered to pay at the instigation of the broker. Cases cited by appellant, wherein the purchaser produced by the broker was not willing to buy until subsequently induced by other persons, are not in point. There is no evidence of that in this case. The jury was fully warranted in concluding that the purchaser had been procured by plaintiff and that defendant had arbitrarily refused to complete the transaction, and a few months later closed the deal herself under the same terms and conditions as those arranged by her agent. "An agent has earned his commission when he produces a purchaser who is able and willing to buy the property on the price and terms fixed by the owner ...... and this is emphatically true where, as here, the sale is actually consummated ...... It is not material that the negotiations are concluded directly with the owner:" *Sowney v. Bair*, 269 Pa. 448, 112 A. 530.

*Young v. Dempsey*, 67 Pa. Superior Ct. 534, cited by appellant, is not controlling. There, the plaintiff introduced another broker to defendant for the purpose of effecting a certain contemplated exchange of properties. The broker subsequently, without the knowledge or participation of the plaintiff, effected an exchange of the defendant's property for property other than that first contemplated. Nor is *Curatolo v. Venafrana Ben. Soc.*, 70 Pa. Superior Ct. 542 binding, the facts of which were that plaintiff introduced the prospective purchaser to the defendant, but his offer of purchase was declined.

Afterwards, another agent negotiated a two-year lease between the same parties, and then, about eighteen months after the original offer of purchase was declined, another agent negotiated a sale of the property to the lessee for a sum $1,000 in excess of the original offer.

Appellant also contends that appellee has not shown that a Mr. Daly, alleged to be the representative of the Socony-Vacuum Oil Company and with whom he negotiated, had authority to act for the corporation in this matter. Appellee testified that Daly did have such authority and that he had dealt with him on previous occasions on other matters. This testimony was sufficient. *Lehan v. Integrity Trust Co.*, 303 Pa. 357, 154 A. 596; *Manross v. Warr-Penn Refining Co.*, 312 Pa. 241, 167 A. 564; *Kelly, Murray, Inc. v. Lansdowne Bank & Trust Co.*, 299 Pa. 236, 149 A. 190; *Long v. Lehigh C. & N. Co.*, 292 Pa. 164, 140 A. 871, cited by appellant, were cases in which it was attempted to bind the *defendant* by the acts of an alleged agent, and consequently are not in point. Moreover, in the case at bar, Daly's authority to act for the purchaser is not contradicted.

Finally, appellant argues that appellee has not sustained the burden of proving the terms of the contract and compliance with them, the chief contention being that his testimony was insufficient without corroboration. The court charged that "the burden is on the plaintiff to establish his claim by a fair preponderance of the evidence." This was a proper statement of the law: *Calvey Motor Co. v. Coyer*, 121 Pa. Superior Ct. 509, 184 A. 281. The absence of corroboration was material only as it affected the credibility of plaintiff. The court in its charge pointed out the absence of corroboration. It then became a question for the jury as to which of the parties was to be believed. "Where the credibility of witnesses is in issue the case is always for the jury.

The preponderance of evidence depends upon the credibility and not the number of witnesses:" *Anderson v. Pittsburgh Rys. Co.*, 251 Pa. 517, 521, 96 A. 1051. The jury's verdict cannot be disturbed where, as here, there is competent oral evidence to support it.

Judgment affirmed.