**ZENTZ et al. v. BUCHMAN.**

**No. 6392.**

Circuit Court of Appeals, Third Circuit.

Sept. 21, 1938.

Rehearing Denied May 4, 1939.

I. Nathaniel Treblow and Benjamin O. Frick, both of Philadelphia, Pa., for appellants.

Frank J. Eustace, Jr., Francis M. McAdams, and McAdams, Eustace & McAdams, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and WATSON, District Judge.

BIGGS, Circuit Judge.

This appeal concerns an accident which occurred about six o'clock in the morning upon September 6, 1934, upon the Roosevelt Boulevard, leading from Philadelphia to New York City. The appellee, Rose R. Buchman, was a passenger in an automobile driven by her son, Harold J. Buchman. At the time of the occurrence of the accident, the appellants, by their agent and employee Luther Zentz, were operating a truck to which was attached a trailer eighteen feet long. The Roosevelt Boulevard at this point consists of two one way lanes, running respectively north and south, divided by a grass plot or "island" thirty-four feet wide. The trailer-truck was upon the north lane of the Boulevard ahead of the car occupied by Mrs. Buchman. At the point of the occurrence of the accident the lane is twenty-seven feet, two inches wide.

As to the reason for occurrence of the accident, two conflicting stories were told to the jury. The appellants maintain that Harold Buchman, who was a defendant in his mother's suit against the appellants, had been driving the automobile all night, having left Latrobe, Pennsylvania, about seven-thirty o'clock the evening before. The driver of the truck testified that he was driving toward New York, and that the truck was moving along the Boulevard at a distance of a foot and a half from the right hand edge of the road; that he felt that the truck had a flat tire and pulled to the right hand side of the road to within an inch and a half or two inches of the curb where he stopped the vehicle; that he got off the truck and went around to the tool box on the right hand side of the trailer and was getting a jack and tools

to change the tire when the Buchman automobile crashed into the rear of the trailer. The driver's testimony is corroborated to no little extent by a park guard, Merkle, who saw the truck stop. The driver of the truck also testified that the position of the trailer-truck immediately after the accident was with its right rear wheels against the right hand curb as shown by the photograph (Exhibit D–2), and that the trailer was so damaged by the collision that it could not be moved.

Harold Buchman, called by the appellants upon cross-examination, testified that the Buchman car, driven by him, was proceeding upon the right hand side of the Roosevelt Boulevard toward New York and was about six hundred feet distant from the truck when he first saw it; that he did not know whether the truck was then in motion; that he drove at the rate of about thirty-five miles per hour toward it, and when he was about one hundred fifty feet distant from it he noticed it was not then in motion. He testified that it appeared to him to be standing still and was parked over toward the center of the highway; that as the automobile neared the truck he commenced to pass it upon the right hand side when, without warning, the truck started pulling toward the right hand side of the road. He stated that therefore the automobile was caught or was by way of being caught between the truck and the right hand edge of the road where there was a concrete curb; that he tried to swerve the car out, applied his brakes very fast and the front of the automobile crashed into the rear end of the trailer.

As a result of the accident Rose R. Buchman received severe injuries and the jury assessed damages of $7,500 in her favor.

The appellants moved for binding instructions, for judgment in their favor upon a point reserved and for a new trial. The learned District Judge overruled these motions. The appeal to this court followed.

The learned District Judge stated in his opinion upon motion for a new trial, "When he (Harold Buchman) said that the Zentz truck was parked over toward the center of the highway it seems clear to me that he meant that it was parked over toward the grass plot which takes up the center of the Roosevelt Boulevard at that point. * * * Under his testimony he had ample room to pass the truck on the right

and was not guilty of negligence as a matter of law in attempting to do so. Grein v. Gordon, 280 Pa. 576, 124 A. 737, 34 A.L. R. 1511. On the other hand the truck driver was guilty of negligence if, as Harold Buchman testified, he started driving his truck to the right side of the road without giving any warning so that the Buchman car was caught in between the truck and the right of the road. O'Farrell v. Mawson, 320 Pa. 316, 182 A. 538. I need only add that in my opinion certain of the physical facts as disclosed by the photographs tended to corroborate Harold Buchman's testimony."

It is impossible from the evidence to find the exact speed at which Buchman's automobile was traveling immediately prior to the accident. His testimony was that he was traveling at about thirty-five miles an hour until he was within about one hundred fifty feet of the truck. There was testimony that there were skid marks on the highway at the point of the accident and Buchman stated that he applied his brakes before the impact. Accepting Buchman's statement that the truck started from what appeared to be a standing position over toward the island dividing the highway, and proceeded directly across the highway toward its right side, it was not impossible for the truck to have traveled the short distance across the highway, slightly over twenty-seven feet while Buchman's automobile was traveling about one hundred fifty feet. It was not physically impossible therefore for the accident to have happened in the manner described by Buchman and accepted by the jury.

There is in fact a plain contradiction between the testimony of Harold Buchman and that of the driver of the truck. The testimony of the park guard, Merkle, cannot be deemed to be entirely conclusive. The truck could have been stopped at the time the guard first saw it and might have been started towards the right hand curb by its driver just prior to the accident.

In our opinion Harold Buchman's testimony, contradicted as it is by his prior written statements, is not entitled to as much weight as that of the driver of the truck and the park guard, but that is not the question which was before the District Court or is now before this court. To resolve the conflict of the testimony, to determine which evidence was most persuasive, which entitled to much or to little weight, was the function of the jury.

Nor do we think that the questions presented by contradictions of the testimony can be resolved by finding that the truck was immovable immediately after the accident in the position indicated by Exhibit D–2. Even assuming that the truck was immovably fixed at the curb immediately after the accident, its position as then fixed would not preclude the occurrence of the accident as testified to by Harold Buchman.

The law of Pennsylvania governs the case at bar. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487. The trial court would have fallen into error had it directed a verdict for the appellants. A verdict may be directed under the law of Pennsylvania only where there is no substantial evidence to support recovery by the party against whom it is directed or where the evidence is all against him or so overwhelming as to leave no room to doubt what the fact is. Reel v. Elder, 62 Pa. 308, 1 Am.Rep. 414; Duffy v. York Haven Water & Power Co., 233 Pa. 107, 81 A. 908; Thatcher v. Pierce, 281 Pa. 16, 125 A. 302; Hardman v. Stanley Co. of America, 125 Pa.Super. 41, 189 A. 886. Certainly such was not the case under the evidence in the cause at bar. The question presented was really one of credibility.

Nor can it be said that the verdict of the jury was contrary to the clear weight of the evidence or that the trial judge should have reached the conclusion that a new trial should be granted to prevent a miscarriage of justice. Without going into great detail in discussing the law respecting this important subject we refer to the opinions in Duane v. Miercken, 4 Yeates 437; Rauch v. Smedley, 208 Pa. 175, 57 A. 359; Anderson v. Pittsburgh Rep. Co., 251 Pa. 517, 96 A. 1051; and Sears v. Birbeck, 321 Pa. 375, 184 A. 6.

These authorities persuade us that the court below properly left to the jury its function of triers of the facts. Here is to be found no mere scintilla of evidence to support the verdict. Dinan v. Supreme Council, 210 Pa. 456, 60 A. 10; Hewitt, Receiver, v. Democratic Pub. Co., 260 Pa. 59, 103 A. 499; Derrick v. Harwood Electric Co., 268 Pa. 136, 111 A. 48; Berardini v. Kay, 326 Pa. 481, 192 A. 882. There is a fair basis in the evidence for verdict and judgment.

The judgment of the court below is affirmed.