## In re Fernwood Cemetery Lotholders Fund

*Joseph Blank*, for exceptant.
*Michael Edelman*, contra.

LADNER, J., June 29, 1945.—In this matter the Real Estate Trust Company of Philadelphia, trustee for Fernwood Cemetery Lotholders Fund, being desirous of disposing by a bulk sale of 51 parcels of real estate, invited George H. Pratt, together with other real estate brokers, to procure a purchaser for properties to be sold, arranging that all persons desirous of purchasing should submit sealed bids, which would be opened February 25, 1944. Pratt interested one Michael Lubin as a prospective purchaser and on his behalf submitted a sealed bid which, when opened, along with the other bids, was found to be the highest, being in the sum of $90,150. An agreement of sale prepared by the trustee was sent to Pratt who had it executed by his client, Lubin, and returned to the trustee. The agreement, however, was never executed by the trustee. Eleven days thereafter the trust company as trustee received a substantially higher offer and so informed Mr. Pratt, who thereupon increased his offer to $93,500, but a still higher offer was accepted from a client of Mr. Edelman's in the amount of $94,500, and, being the highest amount received, the trustee accepted the same and completed settlement.

Mr. Pratt now claims to be entitled to one half of the commissions of five percent on the gross purchase price. The learned auditing judge ruled that the claim could not be allowed unless the broker brought himself within the provisions of the Act of July 2, 1941, P. L. 227, amending The Orphans' Court Act of June 7, 1917, P. L. 363, which protects brokers in cases where executors, administrators, or trustees *have entered into an agreement of sale of real estate* with a purchaser procured by the broker, and as the fiduciary here had not entered into such agreement of sale with the broker, the claim must be disallowed. To this ruling the exceptions now before us were taken by claimant.

At the argument, counsel for Mr. Pratt earnestly contended that under well-settled law a broker who has merely procured a purchaser, ready, able, and willing to contract upon terms satisfactory to the owner of the real estate, has earned his commissions for the reason that he has completed his task, and this even though (in absence of a special contract to the contrary) settlement is never made. That this is the general rule is not disputed, but before this principle may be applied there must be a showing that the broker claiming the commissions was actually employed.

We must start with the proposition that no commissions are recoverable unless the broker has first been employed. A mere volunteer is not entitled to the commissions though he bring the parties together: Lanard & Axilbund v. Thomson Printing Co., 84 Pa. Superior Ct. 199 (1924). There must be an employment to constitute the broker an agent: Lamb v. Elder, 56 Pa. Superior Ct. 522 (1914); Earp v. Cummins, 54 Pa. 394 (1867). The broker must show his employment either by previous authority or by acceptance and adoption of his act: Zellner v. Murdoch, 298 Pa. 208 (1929). When a broker claims to have been employed by a corporation, the burden is on him to show that the official, or the employe, of the corporation with whom he dealt, had the corporate authority to employ him: Lehan, to use, v. Integrity Trust Co., 303 Pa. 357 (1931). But the authority of a corporate officer to employ a broker on behalf of his corporation may be implied if the transaction is within the line of ordinary duties imposed on such officer: Kelly, Murray, Inc., v. Lansdowne Bank & Trust Co., 299 Pa. 236 (1930).

Applying these principles to the facts, it is plain that there was here no express employment. The invitation to bid was in no sense an employment: Lanard & Axilbund v. Thomson Printing Co., supra, where it was held that sending of postal cards announcing to the broker as well as to many other real estate brokers

that the owners had a property for rent was merely a notice and cannot be considered as a contract of employment.

Nor can we regard the acceptance of the bid and subsequent sending of an agreement of sale to be signed by the broker's client, even though signed and returned by said client, as establishing the right of the broker to a commission because the broker knew that he was dealing with a trustee, for the Supreme Court pointed out in Clark v. Provident Trust Co., Trustee, et al., 329 Pa. 421 (1938), that general rules governing commissions which ordinarily prevail in real estate transactions are not applicable in such cases. The Supreme Court there said (p. 426) :

"In negotiations with an executor, trustee or other fiduciary with reference to property owned by an estate, a real estate broker's right to a commission for procuring a purchaser may be defeated by the fiduciary's duty to reject such purchaser if a better offer be received for the property before title has passed. . . ."

Thus the law stood until the Act of July 2, 1941, P. L. 227, 20 PS §2254, which secures to a broker a share of commissions under certain circumstances.

It is therefore plain that the claiming broker here must bring himself within the terms of that act or he has no standing to recover. The learned auditing judge correctly held that that act only protects a broker's commissions where executors, administrators, or trustees have actually *entered into an agreement of sale of real estate of a decedent, or any other real estate held in trust in good faith,* and, prior to the time fixed for settlement thereunder, have received a higher offer for such real estate. In the words of the learned auditing judge, "a careful reading of this act shows beyond any question of doubt that it was intended to protect a broker who procured an agreement of sale, and not one who merely made a bid or offer which had been accepted

by the fiduciary but not yet consummated by a written agreement signed by the trustee".

All exceptions are dismissed and the adjudication is now confirmed absolutely.