# Rosenfeld *v.* Bobb, Appellant.

*Brokers—Real estate—Sales—Broker's commission.*

In an action of assumpsit for commissions earned on the sale of real estate, a finding for the plaintiff will be sustained where there is sufficient evidence that the defendant had agreed orally to pay the plaintiff two per cent of the purchase price named if the plaintiff would secure a purchaser for the property; that the plaintiff secured a purchaser who entered into a written agreement to purchase the property at the price fixed on or before a certain date; and that at the time the agreement was signed, the defendant gave the plaintiff a written promise to pay him an amount equal to the two per cent at the time of settlement, although the sale was never consummated. The consummation of the sale was not a prerequisite to the payment of the commissions.

Argued October 11, 1922. Appeal, No. 100, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, Dec. T., 1921, No. 179, in favor of plaintiff in case tried by the court without a jury in suit of Harry Rosenfeld v. Joseph Bobb. Before PORTER, HEN-

280, (1922).] Statement of Facts—Opinion of the Court.
DERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.
Affirmed.

Assumpsit to recover commissions for the sale of real estate. Before KNOWLES, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $929.20. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Joseph V. Somers,* for appellants, cited: 9 Corpus Juris (1), 592; Lowenstein v. McPeak, 48 Pa. Superior Ct. 280; Wernick v. Bowes, 76 Pa. Superior Ct. 234; Hillman & Co. v. Joseph & Bros., 9 Pa. Superior Ct. 1.

*Harry Balis,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1922:

This is an appeal by defendant from judgment entered on a finding for plaintiff by a judge of the Municipal Court of Philadelphia trying without a jury in a suit in assumpsit to recover a broker's commission for the sale of a garage. In his declaration plaintiff alleged an oral agreement between him and defendant that in the event that plaintiff was able to procure a purchaser for defendant's garage for the sum of $46,000 plaintiff was to receive a brokerage commission of two per cent for his services in procuring such purchaser. He alleged also that pursuant to said oral agreement he induced one Samuel Reitman to enter into a written agreement for the purchase of said garage for the sum of $46,000, and that at the time said agreement was executed $1,000 was paid by the purchaser. He alleged that immediately after the execution of this agreement of sale defendant acknowledged in writing his indebtedness of $920 to

plaintiff for selling said garage and agreed to pay the sum of $920 to plaintiff at the time of settlement.   He averred further that he appeared at the time set for settlement and demanded the sum of $920, but that defendant refused to pay the same, or any part thereof. Defendant, in his affidavit of defense, denied the oral agreement declared upon by plaintiff and averred that plaintiff was to receive his commissions only if and when he procured a purchaser who settled for the garage on terms satisfactory to defendant, and that the purchaser produced by plaintiff failed and refused to settle for the garage in accordance with the terms of the agreement of sale.   Plaintiff produced evidence substantiating the averments of his statement.   His testimony as to what took place when the agreement of sale was drawn up was as follows:

"Q. At the time when this agreement of sale was drawn up did you have any conversation with Mr. Bobb with reference to commission?

"A. Yes, sir; at that time I said, 'Now, how about giving me my commission?'

"Q. You said that to Mr. Bobb, and what did he say?

"A. So he said, 'I haven't got it,—I didn't get very much out of this deposit, but the settlement is only a short time off,' so he says, 'I will give it to you then.'

"Q. What did you say to that?

"A. I said, 'All right; and then I will draw up a letter,' and I drew up a letter."

The letter read as follows:

"November 12th, 1921; I hereby agree to pay Harry A. Rosenfeld nine hundred and twenty dollars ($920.00) at the time of settlement for selling the Ambassador Garage to Mr. Reitman."   Signed Joseph Bobb.

A witness called by plaintiff testified in reference to this incident as follows:

"After we had completed the agreement of sale, Rosenfeld said to Mr. Bobb, 'Everything is done now.   You are going to have your settlement in about two weeks.'   This

was November 12th, and settlement was to be made on the 30th. He said, 'You are going to have your settlement in a short time, how about my money?' Mr. Bobb said, 'You can trust me for a few days, can't you?' He said, 'I will pay you on the thirtieth.' Mr. Rosenfeld said, 'That is all right for me, if you will give me a letter,' and Mr. Bobb said, 'All right,' and they sat down, and Mr. Rosenfeld made up the letter."

This evidence fully warranted a finding of fact that plaintiff is entitled to recover his commissions.

The only assignment of error which is not defective is the third, which complains of the dismissal of defendant's motion for a new trial based on the ground that the verdict was against the law and the evidence. No abuse of discretion is charged in the assignment and none is disclosed. The case, on its facts, falls within the well-established rule that a real estate broker's commission will accrue as soon as he presents a satisfactory purchaser to his principal and a contract of purchase and sale is made between them.

All the assignments are overruled and the judgment is affirmed.