## Simon v. Myers, Appellant.

*Appeals—Directed verdict—Evidence — Inferences — Practice, C. P.*

1. In considering whether or not the court below was right in directing a verdict in favor of one of the parties to a litigation, all the evidence, which was or should have been admitted in the trial of the case, and all inferences fairly deducible therefrom, so far as either is favorable to the opposite party, must be accepted as true, and all unfavorable to him, if depending solely on testimony, must be rejected.

*Contract—Written agreement—Ambiguity — Parol evidence — Evidence—Omission from agreement by fraud, accident or mistake.*

2. Where ambiguous language is used in a written agreement, evidence is admissible for the purpose of showing what the parties agreed was the meaning of the ambiguous words.

3. Under such circumstances, it is not necessary to aver or prove that anything was omitted from the agreement by fraud, accident or mistake; this requirement applies only when it is attempted to show that the actual agreement was something different from that which is expressed in the writing.

*Brokers—Real estate broker—Commissions—Time for payment —Reasonable time — Contract — Custom — Nonconsummation of purchase—Vendor and vendee.*

4. Where an agreement to pay a real estate broker his commissions does not express the time for payment, a reasonable time is to be allowed, and this, by the custom in Philadelphia, would usually be the time fixed for settlement by the purchaser.

5. A vendor, who agrees to pay a commission only in case the purchaser actually pays for the property, will be liable nevertheless, if, through his fault, the purchase is not consummated.

6. In the absence of an agreement to that effect, a vendor is not required to sue on a contract of purchase, and his failure so to do will not of itself operate to charge him with liability to a broker, if, through no fault of the vendor's, the purchase was not consummated.

Argued April 21, 1925. Appeal, No. 236, Jan. T., 1925, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1923, No. 5113, on directed verdict for plaintiff, in case of Caroline F. Simon v. Paul M. Myers. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit to recover commissions for sale of real estate. Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, direction for plaintiff, quoting record.

*Archibald T. Johnson,* for appellant.—Even if the broker's action is the efficient cause of the sale, there

can be no recovery if there was no employment: Lanard v. Thomson, 84 Pa. Superior Ct. 199.

Under the facts of this case, the phrase "at settlement" should be construed, not as referring to a time of payment merely, but to a contingency which must occur before the commissions are earned: Barber v. Miller, 41 Pa. Superior Ct. 442; Baum v. Goldblatt, 81 Pa. Superior Ct. 233; Clark v. Battaglia, 47 Pa. Superior Ct. 290.

Testimony is admissible to show the meaning of the words "at settlement" as used by the parties, and a parol agreement that no commission be paid unless buyer settled: White Heat Products Co. v. Thomas, 266 Pa. 555; Home B. & L. Assn. v. Kilpatrick, 140 Pa. 405; Lowenstein v. McPeak, 48 Pa. Superior Ct. 280.

*Robert T. McCracken,* with him *Robert C. Walker,* for appellee.—The mere fact that the payment of a real estate broker's commission has been postponed by agreement until settlement does not change the general rule that a broker's commission accrues as soon as he has brought the parties together and they have entered into a binding contract: Schamberg v. Kahn, 279 Pa. 477; Aber v. Penna. Co. for Ins. on Lives, etc., 269 Pa. 384; Rosenfeld v. Bobb, 80 Pa. Superior Ct. 280; Girts v. Shaw, 70 Pa. Superior Ct. 345; Greenblatt v. Fox, 59 Pa. Superior Ct. 53; Hipple v. Laird, 189 Pa. 472.

Parol testimony was inadmissible to vary or explain the written contract: Forrest v. Nelson, 108 Pa. 481; Com. v. Cashman, 32 Pa. Superior Ct. 459; York Haven W. & P. Co. v. Phosphorus Co., 229 Pa. 194; Croyle v. Land & Imp. Co., 233 Pa. 310; Gianni v. Russell & Co., 281 Pa. 320; Elliott v. Wanamaker, 155 Pa. 67.

OPINION BY MR. JUSTICE SIMPSON, June 27, 1925:

Defendant appeals from a judgment in favor of plaintiff, a real estate broker, in a suit on the following agreement signed by defendant and given to her: "In connection with the sale of No. 1700 Walnut Street to

David B. Bassett I agree to pay you a commission of two and one-half per cent on the total consideration at settlement." The principal dispute in the case grows out of the refusal of the court below to permit defendant to prove what he asserted the parties had agreed was the meaning of the ambiguous words "at settlement," which were not in the paper as originally drawn, but were subsequently inserted, before signing, in order to express the intention of both of them, namely, that defendant should not be liable unless the vendee actually paid the purchase price.

The verdict having been instructed for plaintiff, all the evidence, which was or should have been admitted on the trial of the case, and all inferences fairly deducible therefrom, so far as either is favorable to defendant, must be accepted as true, and all unfavorable to him, if depending solely on testimony, must be rejected: Fuller v. Stewart Coal Co., 268 Pa. 328. Applying this rule, it is clear that the jury might have found the relevant facts to be as follows:

Plaintiff, representing a possible purchaser of a property owned by defendant, called on him and inquired if he would sell it. After negotiations, he stated the minimum price at which he would do so, and she obtained the consent of her customer to purchase at that figure. Later, an agreement of sale was drawn by her, which had to be altered, in order to express the conditions of sale more accurately. While this was being done, defendant was asked to sign a paper agreeing to pay plaintiff a commission for her services. He refused to execute it, because it was so written as possibly to make him liable, even though the sale was not consummated. It was then agreed by the parties, that "there would be no commission whatever payable by [defendant] except only in the event that [the purchaser] made settlement," and, to effectuate this, the words "at settlement" were added to the written contract, so as to make it read as quoted at the beginning of this opinion. As thus drawn,

it was signed by defendant; and, contemporaneously therewith, plaintiff,—according to her testimony, and as evidencing her interpretation of the language used, —says she made "a note that the commission......  would be paid out of this [purchase] price of $410,000." Shortly thereafter, the written agreement for the sale of the property was executed, and the purchaser paid the hand money required (which the contract provided should be forfeited to defendant "as liquidated damages" in case of a default by the purchaser), but "settlement" was never made, solely because the purchaser would not comply with his contract. Admittedly defendant was not to blame for this result. No suit was brought to compel specific performance of the contract, nor did plaintiff request that this should be done or give defendant a reasonable time in which to do it; on the contrary, shortly after the date fixed for settlement, and while defendant was still endeavoring to get the purchaser to take the property, plaintiff began the present suit.

It is not disputed but that, if defendant and plaintiff in fact agreed that "there would be no commission whatever payable by [the former] except only in the event that [the purchaser] made settlement," and if, also, this could legally be read into the agreement in suit, as fixing the meaning of the words "at settlement," defendant would have a complete defense to the claim, unless his failure to sue the purchaser, to compel specific performance, operates to make the defense unavailable. At the instance of plaintiff, the court below refused to permit defendant to prove what occurred when the agreement in suit was altered and executed, basing its conclusion on two points: (1) the language of the writing being unambiguous, proof is not allowable in order to give to it any other than its normal meaning, and (2) since there was no averment that anything had been omitted from the agreement by fraud, accident or mistake, evidence is not admissible for the purpose of adding an additional term to it. As applied to the facts of this

case, we cannot assent to the first of these points, and find no reason to consider the second.

Under the circumstances here appearing, the words "at settlement" are ambiguous in meaning. The trial judge says they mean "at [the time fixed by the agreement of sale for] settlement." Though this is a possible construction of them, it seems to us their normal meaning is "at [the time of actual] settlement"; and evidently plaintiff thought this was the time intended, for, according to the contemporaneous memorandum made by her, "the commission......would be paid out of this [purchase] price of $410,000," which necessarily meant when that sum was paid, at the time of actual settlement: Lindley v. Fay, 119 Cal. 239. A familiar instance will illustrate our conclusion as to the usual meaning of the words. Many, if not most, agreements of sale, provide that the balance of the purchase price shall be paid "at settlement," which, in that connection, always means "at the time of actual settlement," though it is also contemplated that this will take place at the date named in the agreement for such actual settlement. In the instant case, as in all others where ambiguous language is used, evidence "is properly received, not to vary the writing, but to explain the meaning of doubtful terms": White Heat Products Co. v. Thomas, 266 Pa. 551, 555. Indeed, plaintiff does not controvert this conclusion, if the meaning of the language is ambiguous, as, under the existing circumstances, we have found it is.

Even aside from the memorandum made by plaintiff herself, the meaning alleged by defendant was one which a jury might reasonably conclude was intended by the parties. There was but little, if any, purpose in adding the words "at settlement," unless *actual* settlement was meant to be expressed by them. Where no time is fixed for the payment of a commission, a reasonable time is to be allowed, and this, by the custom in Philadelphia, would, unless otherwise expressed, be the time named for settlement. Hence, to add "at settlement" would

have meant nothing, if it was only to fix the same time. Moreover, as already pointed out, this is not a case where an owner has employed a broker to sell the former's property, but one in which the representative of a prospective purchaser, has approached the owner with an undertaking to produce a buyer, and asks a commission if this should be done. Under such circumstances, a jury might well find that this contemplated a purchaser who would complete the transactions by paying the purchase price. Probably the fact that there was but little room, left in the writing as originally drawn, to insert any other words indicative of the real intention, explains the terseness of the expression "at settlement," and is itself the cause of the ambiguity appearing in the paper.

Our conclusion, as above, obviates the necessity for entering into a discussion of the authorities, applicable to cases where a written agreement is sought to be reformed by parol. Where, as here, oral evidence is admissible to show the circumstances under which the parties used words which are ambiguous in meaning, in order that the jury may determine their actual intention in employing those words, it is not necessary to allege fraud, accident or mistake as a prerequisite to the evidence: Martz v. W. H. Wilcox Co., 57 Pa. Superior Ct. 169, 174. In the nature of things, such an averment and proof of it, are required only when the attempt is to show that the actual agreement is something different from that which is expressed in the writing; and not where, as here, it is merely sought to elucidate the meaning of the parties, which, because of ambiguity in the language actually used, unhappily needs aid in its interpretation.

Of course, if the failure to make settlement had been the fault of defendant, he would be liable, even though the words had the meaning attributed to them by him; for he could not be permitted, by his own fault, to defeat plaintiff's claim: Aber v. Penna. Co. for Ins. on

Lives, etc., 269 Pa. 384, 387. Here, however, it is admitted the purchaser was the only person to blame for the failure in that regard. Recognizing this, plaintiff further contends that the same conclusion must be reached, because of defendant's neglect to bring suit to compel settlement. To this we cannot assent. He was not requested to bring such a suit, nor was any offer made, or security tendered, to indemnify him against loss in case he did. Moreover, so far as the writer is aware, there is no principle of law which required him to sue, although there is general make-weight language, so hinting, in some of the cases cited. If defendant was seeking to enforce a secondary liability, he would, under certain circumstances, be compelled to first proceed against the primary obligor; but this requirement has no application here. When the purchaser refused to take the property, the hand money became defendant's, and the contract to purchase was ended. Plaintiff knew this would result from a refusal to comply with the agreement of sale, for it was drawn in her office, after its terms had been agreed on in her presence, and before the contract in suit, which also was drawn for her, was presented, altered and then executed. If defendant had sued, either at law or in equity, he would have tied up his property until the conclusion of the proceedings; might have recovered nothing but the property itself, which, perhaps, he would have been required to sell, on the judgment or decree he obtained, in order to get rid of the original equitable title of the purchaser; for, by defendant's suit in affirmance of the contract, this equitable title would have continued to exist until it was destroyed by a decree of court or a judicial sale. In any event, under the agreement alleged in the offer of proof, defendant was not required to sue the purchaser, who was plaintiff's customer, for only in case of actual settlement was defendant to be liable. Moreover, at the impetration of the writ, he had not been given a reasonable time to bring such suit, even if he was in duty bound

to do so; a fact which, in itself, excludes a claim based upon such a contention, though, of course, recovery could be had upon due proof for the other and only cause of action set forth in the statement of claim.

The judgment of the court below is reversed and a venire facias de novo is awarded.