## Kaiser *v.* Grossman et al., Appellants.

*Brokers—Real estate brokers—Action for commission—Failure of purchaser to complete sale—"At settlement" construed.*

In an action of assumpsit by a real estate broker for his commission, it appeared that the defendants agreed to pay the plaintiff a commission equal to any sum in excess of $4,000 secured by him, the commission to be paid at the time of settlement. It further appeared that plaintiff obtained a purchaser, with whom he entered into a contract for the sale of the premises, whereupon the defendants agreed to pay the plaintiff at settlement $400 as commission. The proposed purchaser failed to make settlement, for which failure defendants were not responsible.

Under such circumstances the trial court improperly construed the words "at settlement" to mean at "the time fixed by the agreement of sale for settlement."

In the absence of any explanation, the words "at settlement" must be construed according to their normal meaning and, so construed, the commission was payable only in case of actual settlement.

Argued October 28, 1925.   Appeal No. 152, October T., 1925, by defendants, from judgment of M. C. Phila. Co., August T., 1924, No. 145, on finding for the plaintiff, in the case of Benjamin Kaiser v. Samuel Grossman and Beckie Grossman.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Assumpsit by real estate broker for a commission. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $413.87.   Defendants appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*Louis Bernstine,* for appellants.

*Arthur Greenstein,* for appellee.

OPINION BY PORTER, J., February 26, 1926:

The defendants appeal from a judgment in favor of the plaintiff, a real estate broker, in an action for commission, averred by the plaintiff to have been earned when he procured a purchaser for the properties Nos. 704 and 706 north Seventh St., in the city of Philadelphia. The statement of the plaintiff averred that the defendants had orally agreed to pay the plaintiff "a commission equal to any sum in excess of $4000.00, secured by him as the purchase price of the said premises, the said commission to be paid at time of settlement". The affidavit of defense, as amended, admitted these averments to be true, with the exception, however, that said commission was payable only in the event of actual settlement for said premises, and that the purchaser produced by the plaintiff had not made settlement as by the agreement required.

Our examination of the record and evidence leads us to the conclusion that the learned judge of the court below failed to give due weight to the written agreements of the parties and the circumstances under which they dealt. While the plaintiff in his statement averred that the agreement was oral, he attached to and made part of that statement the written agreement signed by Beckie Grossman, which is as follows: "April 3, 1924, I hereby authorize Benjamin Kaiser to act as agent for me and secure a buyer for premises situated 704 and 706 north Seventh Street, which premises I agree to sell for the sum of four thousand ($4000.00) dollars net, no commission, ...... the above agreement expires April 10, 1924." This agreement expressly negatives any suggestion that Beckie Grossman would pay any commissions for the sale of the real estate. The broker, if he was to receive any

commission or profit, must receive it from the purchaser whom he procured, or out of the purchase money received by the defendants, who expressly declared that they must receive four thousand dollars net, without paying any commission. It was admitted that there was a contemporaneous oral agreement that the plaintiff should receive for himself any amount in excess of four thousand dollars which he received for the property, and that, as averred in his statement, he was to receive whatever sum that was "at time of settlement." This oral agreement did not contradict or vary the terms of the written one and was properly admitted in evidence, but it is to be construed in connection with the covenants of the written agreement. The evidence upon this branch of the case was not of such a character as to sustain any modification or contradiction of the covenants of the written contract. The arrangement into which the parties thus entered had some of the qualities of an option; if the plaintiff within seven days succeeded in effecting a sale which would result in the defendants receiving four thousand dollars net for the property, any excess of the purchase money received by the defendants would belong to him, and that amount they must pay at the time of settlement. Contracts are to be construed in the light of the circumstances in which they are executed, and the relations in which the parties stood. In determining the effect of the subsequent actions of these parties this original contract which was the foundation of their relation must not be ignored. On April 4, the day after this written agreement was executed, the plaintiff, acting as agent for the defendants, entered into a written contract with one David Goldovsky, (whom the defendants did not know and had never seen) agreeing to convey the property to Goldovsky for the sum of $4400.00, $200.00 on the signing of the agreement (to be forfeited to the party of the first part as liquidated

damages in case of the default of the party of the second part) and the balance of purchase money to be paid in cash at time of settlement; settlement to be made within ninety days. The defendants did not then know who Goldovsky was, and the evidence clearly indicates that they never did know who he was until he appeared at the trial in the court below, as a witness for the plaintiff. On April 5, 1924, the defendants signed and delivered to the plaintiff the following: "I agree to pay to Benjamin Kaiser the sum of four hundred ($400.00) dollars as commission for the sale of premises 704 and 706 north 7th St., to David Goldovsky, commission to be paid at settlement." Goldovsky, it was upon all hands admitted at the trial, never made settlement for the property, and did not pay any attention to the matter after signing the agreement with the plaintiff. No settlement ever was made or attempted; the defendants never received the four thousand dollars, which they were to receive net, and never received any moneys except the two hundred dollars deposit money. The defendants were in no manner responsible for the failure to make settlement.

The learned judge of the court below held that under the provisions of the written agreement of April 5, last above quoted, the defendants were required to pay the plaintiff $400.00 at the time David Goldovsky ought to have made settlement. In this the learned judge erred. Even the agreement upon which he relied only required the money to be paid "at settlement." The trial judge construed the words "at settlement" to mean at "the time fixed by the agreement of sale for settlement." "Though this is a possible construction of them, it seems to us their normal meaning is 'at (the time of ˖actual) settlement;'" Simon v. Myers, 284 Pa. 8. The defendants testified at the time this last written agreement was signed there was a distinct oral understanding that the plaintiff

was to receive the $400.00 at the time of settlement, not before; that the money was to be paid when settlement was made at a trust company. The plaintiff when recalled in rebuttal, upon cross-examination, testified as follows:

"Q. Now, Mr. Kaiser, let us try to get at the truth of this. The settlement was to take place in ninety days?

A. Yes, sir.

Q. And you were to get your money and Mr. and Mrs. Grossman were to get their money at the settlement; is that right?

A. Sure.........

Q. And if the settlement didn't go through neither you nor Mr. and Mrs. Grossman were to get any money, is that right?

A. No, sir, never mentioned.

Q. Wasn't that the agreement?

A. No agreement made, the only agreement made was the signed agreement."

The testimony of the plaintiff made no attempt to explain the ambiguity, if ambiguity there was, in the term "at settlement." The normal meaning of the term "at settlement" must, therefore, be held to be at the actual settlement, as indicated by the Supreme Court, in the case above cited. We are, however, of opinion that the written agreement of April 3, signed by Beckie Grossman, which provided that the defendants must receive four thousand dollars net for their property, exclusive of any commission, and the written agreement of April 5, providing for the payment of four hundred dollars "to be paid at settlement", must be construed together, and that thus construed they mean that the commission was only to be paid in case of an actual settlement. This case is clearly distinguishable from Rosenfeld v. Bobb, 80 Pa. Superior Ct. 280, in which the defendant had employed the

plaintiff to sell the property and agreed to pay two per cent. of the purchase price named if the plaintiff would secure a purchaser. The plaintiff secured a purchaser who entered into a written agreement with the defendant to purchase the property at a price and upon terms satisfactory to the defendant. Thereupon the plaintiff demanded his commission and the defendant said "You can trust me for a few days, can't you? I will pay you on the thirtieth." It thus appeared in that case that the plaintiff had already earned his commission by producing a satisfactory purchaser, in accordance with the terms of his employment, and the subsequent agreement that the commission should be paid "at the time of settlement" was simply an extension of the time for the payment of a debt actually due. The assignments of error are sustained.

The judgment is reversed and is now entered in favor of the defendants.