## Matolicz *v.* Hess, Appellant.

*Real estate—Brokers—Commissions—Affidavit of defense—Sufficiency.*

In an action for commissions earned as a real estate broker the defendant admitted an averment in the plaintiff's statement of claim, to the effect that he executed an agreement of sale to a proposed vendee for $14,000, of which $2,500 was to be paid in cash at the signing of the agreement. The defendant averred in his affidavit of defense that any commission was payable only if the sale was effected, upon terms satisfactory to the defendant; that the proposed vendee gave a check for the sum to be paid in cash, which the bank refused to honor; that the purchaser was never willing, ready or able to purchase the land and that no sale had been effected, and that the defendant still had the land.

Proof of such facts at the trial would be a bar to recovery and its affidavit of defense was sufficient to prevent judgment.

Argued November 18, 1925. Appeal No. 259, October T., 1925, by defendant from judgment of Municipal Court of Philadelphia October T., 1924, No. 603, in the case of B. J. Matolicz v. Charles Hess. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover commissions earned as a real estate broker. Before CASSIDY, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The Court made absolute the rule. Defendant appealed.

*Error assigned* was the order of Court.

*W. A. Hamilton,* and with him, *George Cascaden* and *Chapman & Chapman,* for appellant.

*Joseph Blank,* for appellee.

OPINION BY LINN, J., December 17, 1925:

This judgment, entered for want of a sufficient affidavit of defense, cannot be sustained. A real estate broker sued for commissions alleged to have been earned pursuant to a contract to obtain a purchaser ready and willing to purchase real estate of defendant. The affidavit of defense avers that the commission was to be payable only "if a sale was effected" "*upon terms satisfactory to*" defendant. He admits an averment in the statement to the effect that he executed an agreement of sale to a proposed vendee (procured by plaintiff) for $14,000, of which $2500 was to be paid in cash at the signing of the agreement, but denies that the purchaser made that payment; on the con-

trary, he avers that the proposed vendee gave him a check for that sum which was presented in due course and that the bank refused payment, advising that the depositor's account had been closed. It is also averred that the proposed purchaser was never ready, willing, or able to purchase the land and that no sale had been effected, and that defendant still had the land. Proof of those facts at the trial will of course bar recovery: Keel v. Schadewald, 80 Pa. Superior Ct. 425, 427. If they are true, the proposed vendee never qualified himself to demand performance. Defendant did nothing to interfere with the proposed sale; he was ready to perform; he was in no default.

As defendant avers that plaintiff was to receive no commission unless a sale was effected (compare Simon v. Myers, 284 Pa. 3. see p. 8), the conduct of defendant not having prevented it, the authorities cited by plaintiff to the effect that a broker has earned his commission when he procures a party with whom his principal is satisfied and who actually contracts for the property at a price satisfactory to the owner, have no application at this stage of the case.

The judgment is reversed and the record is remitted for further proceedings.