Goldbacher *v.* United Automobile Service Corp. of Pennsylvania, Appellant.

Argued May 1, 1930.

Before Trexler, P. J.,
Keller, Linn, Gawthrop, Cunningham and Baldrige,
JJ.

*J. Jerome Katz,* and *Philip Dorfman,* for appellant.
—Parol evidence is permissible to explain the meaning of a written contract where it is incomplete: Amorosa v. Ovelman, 89 Pa. Superior Ct. 377; Wilson v. Locomobile Co., 68 Pa. Superior Ct. 492; Chaplin v. Griffin, 252 Pa. 271; Simon v. Myers, 284 Pa. 3.

*Louis A. J. Robbins,* for appellee, cited: Martin v. Berens, 67 Pa. 459; Gianni v. Russell & Co., 281 Pa. 320; Union Storage Co. v. Speck, 194 Pa. 126; Wolverine Glass Co. v. Miller, 279 Pa. 138.

Opinion by Cunningham, J., July 10, 1930:
This appeal is by the defendant below from a judgment entered upon a verdict directed against it in an action upon a contract in writing between it and the plaintiff, tried before a jury in the municipal court of the County of Philadelphia. Assignments, one to five inclusive, charge error in excluding certain offers of proof made in behalf of appellant; the sixth and seventh are based upon the direction to.the jury to find in favor of the plaintiff for the amount claimed, and the refusal of a new trial.

In the language of its counsel, appellant is "an automobile service club" and in consideration of the payment of a membership fee "supplies certain services to its members who are owners of automobiles," including "the services of an attorney to represent the members in matters arising out of the operation of automobiles and to assist [them] in collecting damages occasioned to their automobiles, due to collisions."

Appellee is a member and active practitioner of the bar of Philadelphia County. The parties entered into a written agreement relative to the rendition by appellee of professional services to the appellant and to its members and the compensation therefor. The original term of the agreement was two years from its date, and we are not concerned in this case with the provisions contemplating a renewal for an additional term of two years.

From an analysis of the contract, we may thus state its material provisions relative to its subject matter and the respective undertakings of the parties. The subject matter was the rendition by appellee of professional services (a) to appellant, itself, as a corporate entity and (b) to its members in their individual capacities. These services, both to appellant and to its members, were divided into two classifications, referred to generally in the contract as (1) "legal advice" and (2) "court work." The services recited in the preamble as being required on behalf of appellant's members were described as "legal advice to members of the corporation, and trial of all cases incident thereto, included in the contract between [appellant] and its individual members;" those in behalf of appellant, itself, as "certain legal work," including "legal advice" in cases in which it, or its members, might be in any way "interested or affected."

Appellee agreed "to act as attorney and counsel for [appellant] in all matters requiring the services

of an attorney in Philadelphia, and its members for the collection of all claims resulting from collisions between motor vehicles and other vehicles for property damage and personal injuries, and in addition thereto ...... to act in an advisory capacity as general counsel for the period of one year.'' The provisions with respect to his compensation were that appellant would pay appellee $1,200 ''as a yearly retainer for services''—$100 on the first of each month —for the first year, and $1,800—$150 each month—for the second. That these retainers were not intended by the parties to cover services rendered appellant in the preparation and trial for it of cases in court, or services of any kind rendered its members, is clear from subsequent provisions of the contract. With respect to appellant, it was further provided that in the event it should require the services of appellee ''for any litigation requiring court action'' it would pay him ''such additional fee and expenses as will be commensurate with the services rendered.'' The provision with relation to services rendered appellant's members read: ''Should it be necessary for [appellee] to perform any legal services or court work for the members, any charges in such services shall be paid by the members individually, and not by [appellant].''

Appellant paid the retainer for the first year and, after paying $100 early in the second year, notified appellee ''that his services would no longer be required.'' The suit was for the sum of $1,700 as the balance of the retainer for the second year. Appellee in his statement of claim (after referring to the number of claims placed in his hands by appellant and its members, the number of actions instituted by him in court and their disposition) averred that he had at all times held, and was still holding, himself ''in readiness to serve [appellant] and its members according to the terms of the written agreement.'' The execution of the agreement was admitted in the affidavit of de-

fense and it was not averred that anything had been omitted therefrom by fraud, accident or mistake.

As a defense, appellant pleaded, and sought to establish at the trial, that appellee "contemporaneously with the execution of the written contract" orally agreed that the services which he would render for the annual retainers should include, in addition to those specified in the contract, all the legal services of every kind required by appellant's members, except the actual trial of cases "before a court of record." In substance, the defense was that, although it was provided in the written contract that whenever it became necessary for appellee "to perform any legal services or court work for the members" the charges for such services were to be paid by the members individually and not by appellant, appellee orally agreed to represent any member before any magistrate in any civil or criminal proceeding arising from the operation of a motor vehicle, to procure copies of the charges lodged against any member when arrested for violation of any law relative to the operation of motor vehicles and to represent members in the settlement of claims out of court, without making any charge to them for such professional services or any charge to appellant in addition to his retainers. As justification for the dismissal of appellee, appellant set out in its affidavit of defense and offered to prove at the trial that in several instances appellee adjusted, without suit, claims of members for damages suffered by them in automobile accidents and charged them a percentage of the amounts received in settlement; that in one instance a member of appellant was the defendant in an action for damages arising out of the operation of a motor vehicle and that appellee, although he had agreed to represent him, neglected to enter his appearance in time to prevent a judgment by default; and that appellant received numerous complaints from

its members relative to the charges made against them by appellee for professional services rendered them.

The first assignment is to the exclusion of an offer to prove by the president of appellant that appellee drew the contract in suit. In our opinion, the contract, as written, was neither ambiguous nor incomplete and it was therefore immaterial to the issue in this case who prepared it; the offer was properly excluded and the assignment is dismissed. The second charges that the trial judge erred in excluding an offer to prove by the same witness the alleged oral agreement outlined above. The ruling reads: "The objection is sustained in so far as it relates to the changing of the contract in writing between the parties. This witness may testify to anything which would show the plaintiff had not performed his part of the contract, but that is all." The third and fifth assignments relate to the exclusion of the proposed testimony of members by whom appellant offered to prove that appellee, in violation of the alleged oral agreement, had charged them for his services; the fourth to the rejection of an offer to prove that appellee neglected to enter his appearance for a member; and the sixth and seventh are based upon the direction to render a verdict for the plaintiff, and the refusal of a new trial.

We cannot agree with the contention of counsel for appellant that by the offers quoted in their second third and fifth assignments they, in the language of Simon v. Myers, 284 Pa. 3, 9, "merely sought to elucidate the meaning of the parties, which, because of ambiguity in the language actually used, unhappily needs aid in its interpretation." On the contrary, we think these offers were plain attempts to vary a written contract by adding to it an oral understanding concerning a subject dealt with therein in language free from uncertainty or ambiguity. Their admission would have been a violation of the rule clearly and

forcefully enunciated in Gianni v. Russell and Co., 281 Pa. 320, and these assignments are accordingly over·ruled.

The offer to show that appellee neglected to enter a timely appearance in a suit against a member was also properly rejected. That, under the provisions of the contract, was a matter between the member and appellee and, as it was not included within the services which appellee undertook to perform in consideration of the retainers, could have no bearing upon his right to recover the balance of the retainer for the second year.

Counsel for appellant contend that the $1,800, stipulated in the contract to be paid appellee for the second year, was not strictly and technically a "retainer"—a fee to engage and hold an attorney to render services to a client in a particular case, or generally as occasion may arise, and to remunerate him for being deprived of the opportunity of employment by the opposite party. We are in accord with the proposition that under the terms of this particular agreement the retainers therein provided for were not technically retainers for the recovery of which an action would lie although appellee had not been called upon to perform any services. By the express terms of the contract they are described as yearly retainers "for services." Clearly, it was contemplated by both parties that appellee should render certain services in consideration of the payment of the yearly retainers, but it is equally clear that such services did not include the trial of cases in court for appellant, nor did they include any "legal services or court work" for appellant's members. The services to be rendered for the retainers were to act "in an advisory capacity as general counsel" for appellant and to give it legal advice in "matters requiring the services of an attorney" and in cases in which it or its members were "interested or affected." Appellee's averments of the

rendition, pursuant to the agreement, of services in the past and of his readiness to perform the same during the term of the contract were insufficiently denied in the affidavit of defense and, although the trial judge stated in the ruling above quoted that the president of appellant would be permitted to "testify to anything which would show the plaintiff had not performed his part of the contract," no testimony tending to show non-performance of the agreement was introduced. The entire defense consisted of the making of the offers which we have held were properly excluded. The construction of the contract was for the court and under the evidence admitted there was nothing to submit to the jury. The case of Kent v. Fishblate, 247 Pa. 361, cited by counsel for appellant, has no application; there the contract under which the attorney was employed was oral and the evidence as to its terms was in dispute.

No error was committed in directing a verdict for the plaintiff or in refusing a new trial and the sixth and seventh assignments are also dismissed.

Judgment affirmed.