## Matuszewski *v.* Grisius, Appellant.

Argued April 24, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Raymond F. Smith,* with him *Franklin A. Ammon* and *James F. McNaul,* for appellant.

*Joseph S. D. Christof,* with him *Blair F. Gunther,* for appellee.

OPINION BY RHODES, J., July 18, 1935:

The plaintiff, a real estate broker, brought an action in assumpsit to recover a commission for his services in procuring a purchaser of real estate owned by the defendant. Plaintiff obtained a judgment in the amount of $450. Defendant appealed. The contract declared upon was oral. It was admitted that one Liwo subsequently signed a written contract with the defendant on October 6, 1931, to purchase the property in question for $15,000. The purchaser refused to carry out the written agreement, alleging that the price was too much. The failure to consummate the sale was not the fault of the defendant.

The defendant alleged in his affidavit of defense that the oral agreement between the plaintiff and himself was that the commission would be paid only if and when the full amount of the purchase price of $15,000 was paid to defendant and the transaction fully consummated; that, if the full amount of the consideration was not paid to the defendant and the agreement fully consummated, defendant would not pay the plaintiff any commission; and that, on the basis of this understanding and agreement, the defendant executed the contract of purchase and sale with Liwo.

The question involved on this appeal is whether the evidence shows that the plaintiff was entitled to his commission when he produced the purchaser who signed the written agreement, or whether his right to

the commission accrued only when the contract was completely carried out and the purchase price fully paid. The error alleged on this appeal by the defendant is the refusal of the court below to enter judgment on the whole record in his favor.

A real estate broker, unless the contract for employment provides otherwise, is entitled to his commission, i. e., the right to the commission accrues, when he produces for his principal a satisfactory purchaser who contracts in writing with the principal for the purchase of the property, at a price satisfactory to the owner. Keys v. Johnson, 68 Pa. 42; Hipple et al. v. Laird, 189 Pa. 472, 42 A. 46; Irons v. Snyder, 49 Pa. Superior Ct. 522; Black Company v. Baker, 88 Pa. Superior Ct. 206; Lieberman et al. v. Colahan, 267 Pa. 102, 110 A. 246.

On the other hand, if the agreement between the real estate broker and the owner of the property provides that the broker shall not be entitled to the commission until the sale is completed and the purchase price is paid to the owner, the owner being ready to perform and having done nothing to interfere with the consummation of the proposed sale, these conditions must be complied with before the broker can recover. Matolicz v. Hess, 87 Pa. Superior Ct. 135; Simon v. Myers, 284 Pa. 3, 130 A. 256; Amorosa v. Ovelman et al., 89 Pa. Superior Ct. 377; Kaiser v. Grossman et al., 87 Pa. Superior Ct. 421.

The plaintiff in this case was suing on an oral contract. He had the burden of proving what the terms of that contract were, and that he complied with those terms. On cross-examination the plaintiff testified, as to the agreement between himself and the defendant, as follows: "A. He asked me when he should pay the commission. I said: 'You can wait until everything is finished.' Q. You said that? A. Yes. Q. 'Wait until everything is finished?' A. Yes. Q. By that you meant,

wait until the agreement was fully closed up and the purchase money paid. Is that right. Yes or no? A. Yes."

This testimony on the part of the plaintiff, as to the oral agreement between himself and the defendant, shows definitely that the plaintiff's right to the commission did not accrue until the purchase price was fully paid. Testimony of the defendant and his witness supported his defense that no commission was due until the purchase price was fully paid.

The instant case is distinguishable from Rosenfeld v. Bobb, 80 Pa. Superior Ct. 280. In that case, the plaintiff secured a purchaser who entered into a written agreement with the defendant to purchase the property, at the price fixed, on or before a certain date. At the time the agreement was signed the defendant said to the plaintiff: "You can trust me for a few days, can't you? I will pay you on the thirtieth"; and he then gave the plaintiff a written promise to pay him the amount of his commission "at the time of settlement," which was to be November 30th. It is apparent that the plaintiff in that case had earned his commission by producing a satisfactory purchaser, and merely extended, by a subsequent argeement, the time of payment of the debt to a fixed date.

We are of the opinion that in the case at bar the commission was only to be paid to the plaintiff in case the purchase money was paid to the defendant, and that in accordance with the terms of his employment he could not recover until this event happened. Kaiser v. Grossman, supra. Considering all of the evidence in the light most favorable to the plaintiff, the court below should have entered judgment for the defendant.

The judgment of the court below is reversed, and is now entered in favor of the defendant.