## Kline *v.* Lapida, Appellant.

Argued March 21, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*William K. Ravetz,* for appellant.

*Kathryn M. Renzulli,* with her *David H. H. Felix* and *Felix & Felix,* for appellee.

Opinion by Gunther, J., July 17, 1952:

Emanuel Kline, a real estate broker, instituted suit in assumpsit against Ida Lapida, appellant, to recover a broker's commission, averring that he had produced a purchaser ready, willing and able to buy defendant's property on defendant's terms and that defendant wrongfully refused to sign an agreement of sale. After the court below refused a nonsuit, defendant offered no evidence but moved for a directed verdict, which was refused. A jury returned a verdict for plaintiff in the sum of $305. Defendant thereupon filed motions for a new trial and judgment n.o.v. which were dismissed by the court en banc and judgment entered on the verdict. This appeal is from the refusal of judgment n.o.v.

Plaintiff's evidence established that he was employed by defendant under an exclusive agency contract for a term of three months with an agreed commission of 5%. The sale price suggested was $7,000, but in no event to be less than $6,000. Plaintiff obtained a buyer within the three months' period for the sum of $6,100 and buyer signed an agreement of sale for this price and made a $200 deposit. When the agreement was tendered to defendant for her signature together with the down money, she refused without giving any reason therefor.

Defendant now contends that plaintiff failed to prove that he had produced a purchaser who was "ready, willing and able" to buy defendant's property on her terms. "To entitle a real estate broker to the commission called for by his contract of employment, he must produce a person who is ready, able and willing both to accept and live up to the terms offered by his principal": *McDonald v. Kimmell,* 70 Pa. Superior Ct. 282; *S. V. Thompson Co. v. Goldman,* 51 Pa. Superior Ct. 632. The question therefore is whether there is

sufficient evidence to warrant a jury in finding that plaintiff had produced a purchaser ready, willing and able to carry out the proposed bargain. The evidence clearly establishes that this purchaser signed an agreement of sale for a price above the minimum set by defendant, thereby indicating his willingness to become legally bound and to subject himself to a possible suit for damages or a bill for specific performance in the event that defendant had signed the agreement of sale. Defendant gave no reason for refusing this purchaser and the purchaser's financial ability was not challenged. No evidence whatsoever appears in this record as to the inability or unwillingness of the purchaser, nor was any reflection cast upon his financial status.

Cases relied upon by appellant are not in point. In *McDonald v. Kimmell,* supra, the buyer failed to fulfill one of the conditions of the proposed sale. *S. V. Thompson Co. v. Goldman,* supra, and *Union Real Estate Co. v. Blumenthal,* 93 P. L. J. 422, are cases similar to *McDonald v. Kimmell,* supra, wherein the seller set up certain conditions which were not accepted or fulfilled by the respective purchasers.

There were no conditions in this case other than the purchase price. There is, therefore, no merit to the contentions of defendant in this appeal. Plaintiff was hired under an exclusive agency contract to produce a purchaser to buy defendant's property on the terms set by her and he complied with the terms of his employment. In these circumstances it was not incumbent upon plaintiff to introduce evidence of the purchaser's financial status, especially since defendant at no time during the negotiations ever questioned the purchaser's ability to perform the proposed contract. This, therefore, is a situation in which a seller has arbitrarily changed her mind and is attempting to escape her just obligation.

The court below, therefore, did not err in refusing defendant's motion for judgment n.o.v. for there is sufficient credible evidence to warrant a jury in finding that plaintiff produced a purchaser "ready, willing and able" to accept and live up to the terms of the proposed agreement. Plaintiff is entitled to his commission.

Judgment affirmed.