## Real Estate Company of Pittsburgh *v.* Cavazza, Appellant.

Argued April 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*John A. Metz, Jr.,* with him *John A. Metz,* for appellants.

*S. V. Albo,* with him *M. E. Catanzaro,* for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

This was an action in assumpsit to recover a real estate broker's commission. It is alleged that the owner listed the property with the broker who procured a buyer, negotiated a sale, received hand money and turned it over to the owner. The owner, however, sold the premises to his tenant and returned the hand money procured from the prospective purchaser. The affidavit of defense denied broker's right to any commission alleging that the terms of the employment of the broker specifically provided that no commission would be payable if the property was purchased by the tenant. The jury returned a verdict for the plaintiff and the defendants filed a motion for a new trial and judgment n.o.v. Both were refused. This appeal is from the dismissal of their motion for judgment n.o.v.

We note that the lease to the tenant provided that "the Tenant shall have first right of refusal to any offer which the Lessor shall receive for the above described property which the Lessor may be willing to accept and on the same terms and conditions as the Lessor is willing to accept from any other purchaser. The Tenant shall be given five (5) days from receipt of said notice to exercise this right of refusal." The tenant exercised his rights under the lease.

In reviewing the testimony, we see that the broker first communicated an offer of $20,000 to the owner which he refused on the ground that the listed price of $20,000 meant $20,000 net after the broker's commission had been paid. A second offer of $21,000 was submitted which was enough to net the owner more than $20,000 after payment of the commission. This last purchase price offer was communicated to the tenant and he purchased the property. No commission was paid the broker and suit was instituted.

It is the contention of the defendants that the broker was not the efficient cause of the sale of the property to the tenant and therefore he was not entitled to a commission. There is some conflict in the testimony as to whether plaintiff had agreed that there would be no commission in the event the tenant exercised his rights, but this conflict was decided in favor of the broker. The evidence is clear that the broker was authorized to secure a buyer at a price of $21,000. The questions to be answered are, why was the broker hired, and did he accomplish his end of the transaction? Was there any agreement absolving the owner from paying a commission if the tenant became the purchaser under the above circumstances? There is no doubt that the broker produced a buyer who was ready, able and willing to buy at $21,000, and the owner received the hand money. This is what the broker was hired to do; and since he did exactly that, he is entitled to his commission. See *Kline v. Lapida,* 171 Pa. Superior Ct. 516, 91 A. 2d 128. Had the broker not produced the purchaser with a definite offer, the tenant would not have moved to exercise his right to buy under the lease.

The defendants cite *Business Realty Co. v. Schaffer,* 99 Pa. Superior Ct. 175, in which an agreement of sale for a hotel business was expressly conditioned upon the consent of a third party (the landlord) to assign the lease. The consent was not obtained, the sale fell through and the court held that no broker's commission was due. In that case the broker did not procure a buyer ready, willing and able. The purchaser was unwilling to buy unless the lease was assigned. Here the buyer is produced who is ready, able and willing to buy without any conditions attached. To the same effect is the other case cited by the defendants, *Osgood v. Standard Life Insurance Co.,* 88 P.L.J. 611, in which the agreement was expressly conditioned upon obtaining a consent from the Insurance Department of Penn-

sylvania, which was not granted. In this case had there been no offer, there would have been no sale to the tenant, who bought the property to insure himself against moving. The broker accomplished the purpose for which he was hired and thus earned his commission.

Judgment affirmed.