## Moyer v. Kline

*Donald B. Smith,* for plaintiff.

*J. Lawrence Grim,* for defendant.

BIESTER, P. J., March 30, 1955.—The above matter is before us as the result of preliminary objections to the complaint in assumpsit.

Defendant contends that plaintiff has failed to aver that the contract upon which he seeks recovery is an oral or written contract, and in the event it is the latter, has failed to attach a copy of it. Defendant also filed a preliminary objection in the nature of a demurrer, arguing that, in its present form, the complaint fails to set forth a cause of action.

This is a suit seeking to recover real estate broker's commissions. The complaint avers that, on July 27, 1950, Leo W. Kline, now deceased, and Bertha Kline, his wife, above defendant, orally employed plaintiff "to procure a purchaser for the hotel property and the business, including the fixtures, equipment and the liquor license"; that by the terms of this oral agreement defendant agreed to pay plaintiff five percent of the sale price of the premises; that solely as a result of plaintiff's efforts, Leo W. Kline and Bertha Kline entered into an agreement to sell the premises of defendant, together with the fixtures and equipment of

the hotel property, including the liquor license, and that the price that the purchasers agreed to pay was $32,000.

The preliminary objections heretofore filed are so interrelated as to their proper disposition that they may best be considered together.

In such a case as this, and particularly in view of the preliminary objection in the nature of a demurrer, a statement of our view as to the substantive law involved is imperative, in order that the procedural law, and particularly the application of the Pennsylvania Rules of Civil Procedure, be properly considered in relation thereto.

It is our understanding that, in the absence of a contrary agreement, a real estate broker earns his commission as soon as he presents a purchaser ready, willing and able to purchase the property upon the agreed terms. Several of the more recent cases to this effect are: Clark et al. v. Provident Trust Company of Philadelphia, trustee, et al., 329 Pa. 421; Kline v. Lapide, 171 Pa. Superior Ct. 516; Real Estate Company of Pittsburgh v. Cavazza, 174 Pa. Superior Ct. 19.

The broker also is entitled to recover his commission when he has produced a purchaser with whom the owner is satisfied and a written contract is entered into between the owner and the prospective purchaser, in which event the question as to whether the purchaser is ready, able and willing to consummate the purchase is not a condition precedent to the broker's right of recovering his commission: Black Company v. Baker, 88 Pa. Superior Ct. 206; Matuszewski v. Grisius, 118 Pa. Superior Ct. 196; Tice v. Easterday, 148 Pa. Superior Ct. 457.

In the instant case the complaint does not properly set forth a cause of action under either of these theories, for there is no allegation either that the prospective purchaser procured was ready, willing and

able to consummate the contract, or is there an averment that a *written* agreement of sale was entered into between the owners of the premises in question and the prospective purchaser procured by the broker. We are, therefore, compelled to sustain the demurrer.

Approaching the problem realistically, we cannot help but be cognizant of the fact that such a written agreement of sale was, in fact, entered into, for both the oral argument and the briefs disclose the existence of such an agreement of sale, it being the contention of defendant that this agreement should be attached to the complaint. Plaintiff, on the contrary, contends that the basis of his suit is the oral employment contract and not the subsequent agreement of sale entered into between the parties and that he, therefore, is not required to attach the agreement to the complaint.

It appearing that such a written contract was entered into, we think it necessary to pass upon the contentions of the parties by indicating the nature of the amendment required, and thus avoid the necessity, after amendment, to pass upon the same question of pleading which might then arise.

It is our view that plaintiff is only required to plead that a written contract was, in fact, entered into between the owners and the prospective purchaser in order to aver a prima facie case.

Under Pa. R. C. P. 1019(*h*), the pleader must state specifically whether his claim is based upon a writing, and if upon a writing, he is required to attach a copy of it. We think that in such a case as this the claim is based on the employment contract, which was oral, and that the subsequent agreement of sale is in the nature of a condition precedent to the right of recovery which, under Pa. R. C. P. 1019(*c*), does not necessitate a more specific averment than that such a written contract was executed.

Defendant takes the position that the written contract, as entered into, was of such a character as to preclude the right of plaintiff to recover his commissions. Of course, this agreement is not a part of the record before us, but if defendant's position be sound in this respect, the issues may readily be framed by attaching the written agreement to the answer and, if appropriate, setting forth the nature of her defense under new matter and requiring a reply. If, at the conclusion of the pleadings, a legal problem is presented involving plaintiff's right to recover under the agreement of sale in question, it can then be disposed of by defendant's filing a motion for judgment on the pleadings.

Now, to wit, March 30, 1955, defendant's preliminary objection requesting that the complaint be stricken is overruled and dismissed. The preliminary objection in the nature of a demurrer is sustained with leave, however, to plaintiff to amend within 20 days of the date of this order.