## Saslofsky v. Silverman

*Norman Shigon*, for plaintiff.
*Isidore Baylson* and *Neil W. Burd*, for defendant.

ALEXANDER, J., September 4, 1963.—This is an assumpsit arising out of an agreement of sale of a bar and restaurant business located at 2501 South Carroll Street, Philadelphia.

The parties to the agreement were the Devon Cafe, Inc., a Pennsylvania corporation, seller, by Harry Saslofsky and Hyman Saslofsky, its officers and owners, who are the present plaintiffs, and Morris Silverman, buyer and the instant defendant.

The agreement of sale was executed on January 15, 1958. The consideration stated was $29,000, and settlement was to be held within 90 days. The agreement included the sale of the retail liquor license and all equipment and fixtures. It was conditioned upon the obtaining of financing by the buyer and the approval of the transfer of the retail liquor license by the Pennsylvania Liquor Control Board. Defendant made a payment of $1,000, upon the execution of the agreement

which was deposited in an escrow account by the attorneys for the buyer and seller who were named as the escrow agents under the agreement. The agreement was prepared jointly by the parties' attorneys.

No specific date for settlement was ever fixed for the consummation of the agreement of sale. Defendant elected to rescind the contract and testified that he did so because plaintiffs failed to supply him with books and records of the business which would establish what its earnings had been under plaintiffs' management. Defendant stated that he had been induced to enter into the agreement upon the representations of the agents of the seller that the weekly gross receipts of the business were approximately $1,000. After visiting the business location on a number of occasions, defendant became doubtful about the earnings of the business and decided to withdraw from the agreement and to forfeit the $1,000 in the escrow account. There were also some attempted negotiations to reduce the sale price of the business.

Plaintiffs' damage claim is based upon their loss of bargain and the alleged breach of contract by defendant.

Following defendant's withdrawal from the agreement, plaintiffs entered into a subsequent agreement of sale on May 24, 1958, in accordance with which the business was sold to Harry Geiger and Samuel Greenberg. In addition to the various assets and properties of the business, this subsequent sale included the ". . . assignment of all of the outstanding shares of stock of the corporation (Devon Cafe, Inc.) with transfer stamps affixed, together with the resignation of all of the officers of the corporation in charge at the time of settlement" and delivery ". . . to buyers the books, records and seal of corporation".

The May 24, 1958, agreement of sale does not include a reservation or assignment to plaintiffs of a

right of action against the present defendant, exclusive of the corporate right of Devon Cafe, Inc., under the agreement of sale of January 15, 1958, between the said corporation and defendant. Furthermore, plaintiffs' complaint in this action fails to allege any assignment or reservation of right in their favor to bring this action on the contract entered into by the Devon Cafe, Inc., which corporation, their own complaint establishes, had been sold to Harry Geiger and Samuel Greenberg prior to the commencement of this case. Therefore, the individual plaintiffs have no standing or legal basis as party plaintiffs in this law suit: Pa. R. C. P. 2177; Business Corporation Law of May 5, 1933, P. L. 364, sec. 302, as amended, 15 PS §2852-302; Reifsnyder v. Pittsburgh Outdoor Advertising Company, 396 Pa. 320, 325-26 (1959); Green v. Philadelphia Inquirer Company, 329 Pa. 169, 175-76 (1938); Brown v. Esposito, 157 Pa. Superior Ct. 147, 149 (1945), in which the court stated:

"The derivation of the title to the cause of action must be alleged affirmatively as a fact, so that the defendant may require proof of the assignment if he so desires . . .

"In the instant case, the plaintiffs failed to allege the assignment in any pleading . . . It would have been sufficient if they had stated the fact and date of the assignment and the parties thereto".

In this case, plaintiffs' lack of standing to sue upon the contract of their former corporation, Devon Cafe, Inc., is affirmatively established in the record.

The record establishes that on March 24, 1958, defendant's deposit of $1,000 under the contract was paid to Devon Cafe, Inc. by the attorneys for the parties as escrow agents, following defendant's decision to withdraw from the agreement of sale. The check was endorsed on the rear as follows by the escrow agents:

"Liquidated damages to Devon Cafe, Inc., from Morris Silverman, under their agreement dated January 15, 1958, in re 2501 Carroll St., Philadelphia, Pa."

The check was received for the corporation and endorsed as follows:

"Devon Cafe, Inc., Harry Saslofsky."

In addition, Harry Saslofsky admitted that he printed the following phrases as preface to and following the said typed endorsement of the escrow agents:

"Not in full payment for," (Liquidated damages to Devon Cafe, Inc. . . .) and "Only part payment for liquidated damages to Devon Cafe, Inc."

The alteration or addition to the endorsement by Harry Saslofsky was a unilateral act on his part, and it was not consented to or ratified by defendant. Therefore, the phrases which were added to the endorsement by Harry Saslofsky did not effectively vary or change the intent of the said endorsement: Restatement of Contracts, §436. Accordingly, the check was accepted and cashed on behalf of the corporation as liquidated damages under the agreement of January 15, 1958.

Moreover, the parties to the agreement of sale of January 15, 1958, agreed that defendant's deposit of $1,000 was to be paid to the seller, Devon Cafe, Inc., as liquidated damages in the event of default by defendant, and that said payment shall release the buyer, defendant, from any other liability. This release of defendant from any other liability under the agreement, upon his payment of the liquidated damages, is clear and definite, due to the appearance of the following initialed phrase of that paragraph of the agreement:

"Notwithstanding any other provision in this agreement, the parties agree", and thereafter follows the liquidated damages provision which concludes that

". . . the said payment ($1,000) shall be liquidated damages without any other liability on the part of the buyer".

Therefore, the earlier provision in the contract which attempts to give the parties to the contract legal and equitable rights, in addition to the payment of liquidated damages, cannot be construed to limit or change the more specific provision of the agreement which clearly releases defendant from further liability upon payment of the sum provided as liquidated damages. Furthermore, the provisions referred to are properly construed as liquidated damages provisions as opposed to penalty provisions: Laughlin v. Baltalden, Inc., 191 Pa. Superior Ct. 611, 617-19 (1960). Therefore, the payment of the liquidated damages by defendant to Devon Cafe, Inc., on March 24, 1958, effectively ended any further rights of the corporation against defendant under their agreement of sale of January 15, 1958.

Finally, as to the indemnity agreement of Harry Saslofsky in favor of the defendant ". . . in regard to the claim made by Mr. Ben Hossack arising out of the sale of the assets of Devon Cafe, Inc." to defendant, the record establishes that defendant expended $433.40, defending and settling the said claim, and the court concludes that defendant is entitled to the payment of the said sum by plaintiff Harry Saslofsky: Restatement of Contracts, §141(2). There is no question that Harry Saslofsky is individually bound by the indemnity agreement due to his execution of the following:

"In addition to the aforesaid assurance by the Devon Cafe, Inc., I, as an individual, shall be responsible for said commission and will hold you harmless. I intend to be legally bound hereby. /S/ Harry Saslofsky."

The indemnity agreement was executed on February 19, 1958. This was approximately one month after the execution of the agreement of sale. Accordingly,

the claim of Ben Hossack as the alleged real estate broker for the sale had, at the time of the indemnity agreement, fully matured and was not dependent upon the culmination of the agreement of sale by the parties: Matuszewski v. Grisius, 118 Pa. Superior Ct. 196 (1935). Therefore, Harry Saslofsky's denial of liability under the indemnity agreement on the basis that the sale was never consummated cannot stand due to the fact that Hossack's claim for commission did not depend upon the consummation of the sale and further, the agreement of indemnity does not so limit Saslofsky's promise to indemnity.

Accordingly, plaintiffs' action in assumpsit is dismissed and judgment is entered thereon in favor of defendant and against plaintiffs.

In regard to defendant's counterclaim, judgment is entered in defendant's favor and against plaintiff, Harry Saslofsky, individually, for the sum of $433.40.